**In re John Joseph McGOWAN, Mary Anne McGowan, Debtor(s).**

**Bankruptcy No. 82–00859.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Sept. 28, 1982.

Beryl W. Stewart, Wayne, Ohio, for debtors.

Anthony B. DiSalle, Toledo, Ohio, trustee in bankruptcy.

ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on the Debtors' Motion for Reconsideration of this Court's Order of August 11, 1982 granting Debtors until August 20, 1982 in which to convert this Chapter 13 case to a case under Chapter 7 or to dismiss the Chapter 13 proceeding.

Debtors assert that they have made arrangements with Mr. McGowan's parents to advance them the $18.50 per month which they need to satisfy their plan as the basis for reconsideration of the order requiring conversion or dismissal. The Trustee, in opposition, asserts that the plan as it would be modified, would not be feasible since the

Debtors, under Section 1325(a)(6), would not be able to "make all payments under plan". The Trustee also asserts that Mr. McGowan, the sole wage earner, does not have sufficiently stable and regular income to meet the 11 U.S.C. Section 109(a) requirement for Chapter 13 debtor eligibility of being an individual with regular income. The Court agrees.

■ 11 U.S.C. Section 101(24) defines "individual with regular income" as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13." The legislative history indicates that the definition was meant to effect an expansion of the kinds of individuals eligible for relief under Chapter 13 of the Bankruptcy Code which was available under Chapter XIII of the Bankruptcy Act of 1898 only for wage earners.

> The definition encompasses all individuals with incomes that are sufficiently stable and regular to enable them to make payments under a chapter 13 plan. Thus, individuals on welfare, social security, fixed pension incomes, or who live on investment incomes, will be able to work out repayment plans with their creditors rather than being forced into straight bankruptcy. Also, self employed individuals will be eligible to use chapter 13 if they have regular income.

H.R.Rep. No. 595, 95th Cong. 1st Sess. 312 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6269; See also S.Rep. No. 989, 95th Cong.2d Sess. 24 (1981), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5810. This expansion is not unlimited however and, for purposes of the present decision, should not include individuals dependent upon voluntary contributions from outside sources such as parents or other relatives. The basic concept underlying "wage earner" under the Bankruptcy Act and "individual with regular income" under the Code remains the same. Thus, both "wage earner" and "individual with regular income" should mean an individual who is dependent for a living upon the result of his or her own individual effort, see 2 Collier on Bankruptcy paragraph 101.24 at 101–38 (15th Ed. 1979), not that of some outside family member. The Trustee's objection to the Debtors' proposal of funding their plan partially through funds received from Mr. McGowan's parents, then, is well taken.

■ Also, it appears that Mr. McGowan's sole source of earnings may not be "sufficiently stable and regular" under Section 101(24) to meet the definition of an individual with regular income. The "Chapter 13 Statement" filed with the petition on April 21, 1982 indicated that Mr. McGowan was laid off from his position as an advertising salesman with Walt Peabody Advertising Service, Inc. Although the Court's records of the first meeting of creditors held on June 10, 1982 indicate that Mr. McGowan, at that time, held a position with the Paymaster Corp., the earnings from this job, apparently sales related, are paid strictly on a commission basis in amounts at that point uncertain. It should be incumbent upon a Chapter 13 debtor to demonstrate, at least to some degree, the ability to fund the plan through a source of sufficiently stable and regular income. This has not been done in the present case.

For the foregoing reasons, it is hereby,

ORDERED that the Motion for Reconsideration of this Court's Order of August 11, 1982 granting Debtors until August 20, 1982 in which to convert to a Chapter 7 or dismiss their Chapter 13 proceeding be, and hereby is, denied. It is further,

ORDERED that Debtors shall convert their Chapter 13 proceeding to a Chapter 7 proceeding on or before October 8, 1982, or this case shall be dismissed.