**In re Phillip Charles MOZER, Debtor.**

**No. 79 B 03189 K.**

United States Bankruptcy Court,
D. Colorado.

Nov. 28, 1979.

Carl A. Eklund, Denver, Colo., for the Debtor.

Craig A. Christensen, Denver, Colo., for Agrico Chemical Co.

John T. Willson, Denver, Colo., for Rhodia, Inc.

Thomas C. Seawell, Denver, Colo., for Cal-Am Corp.

Janet G. MacFarlane, Denver, Colo., Standing Trustee, pro se.

MEMORANDUM OPINION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW UPON MOTIONS TO CONVERT CASE

GLEN E. KELLER, Jr., Bankruptcy Judge.

The Debtor filed his petition seeking relief pursuant to Chapter 13 of the Bankruptcy Code (11 U.S.C. §§ 1301, et seq.) on October 9, 1979. Shortly thereafter, Cal-Am Corporation, Agrico Chemical Company, and Rhodia, Inc., by separate motions sought conversion to a Chapter 7 proceed-

ing pursuant to 11 U.S.C. § 1307(c).[1] The motions set forth three reasons which are asserted to be "cause" within the meaning of that Section. These are, first, that the Debtor is not an "individual with regular income" within the meaning of 11 U.S.C. § 109(e). Second, it is asserted that debts in excess of the maximums allowed in § 109(e) are owed. The third ground is that the Debtor made a $250,000.00 prepetition fraudulent transfer not recoverable under Chapter 13 for the benefit of creditors.

The first matters to be considered by the Court arise under § 109(e), which provides:

> Only an *individual with regular income* that owes, on the date of the filing of the petition, *noncontingent, liquidated, unsecured debts of less than $100,000* and noncontingent, liquidated, secured debts of less than $350,000 . . . may be a debtor under chapter 13 of this title. (Emphasis supplied.)

Either of the first two arguments raised by the creditors rise to the level of a challenge to the jurisdiction of the Court to entertain a petition under Chapter 13. The burden of showing the jurisdiction must fall upon the party seeking to invoke it. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1935); *Basso v. Utah Power & Light Company*, 495 F.2d 906 (10th Cir. 1971). Prompt consideration of these motions is necessary to prevent abuse of the automatic stay provisions of 11 U.S.C. § 362. *Chaffee County Fluorspar Corporation v. Athan, et al.*, 169 F.2d 448 (10th Cir. 1948). There can be little question that either of these two deficiencies if proved, amount to "cause"

within the meaning of § 1307(c) as much as the laundry list specifically enumerated there.

The Debtor is employed as president of Colorado Organic Chemical Company, a corporation wholly owned by the Debtor's children but controlled, in fact, by the Debtor. The company was wholly inactive until February, 1978, at which time the Debtor commenced operations, which primarily consist of brokering chemicals and "selling technology," i. e., consulting. The Debtor received the total sum of $4,000.00 in earnings during 1978 and no earnings in 1979. He has a contract with Colorado Organic Chemical Company to pay him $36,000.00 per year commencing in 1980. The ability of the company to pay the contracted salary appears from the testimony to rest in large part upon the successful conclusion of negotiations for a contract with Occidental Chemical Corporation, which is expected to produce net revenues of at least $200,000.00. Negotiations have been underway since July, 1978, and will not be concluded for about six months. It is important to note that the company has commenced back-up negotiations with other potential customers in the event the current effort fails.

The corporation has also received income from brokerage of chemicals. The Debtor has apparently achieved a certain reputation in the chemical business which enables him to broker chemicals with some success. His testimony indicates that he anticipates personally deriving commission from the sales with which he will supplement his

---

1. Section 1307(c) of the Code provides in pertinent part as follows:

. . . on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees and charges required under chapter 123 of title 28;

(3) failure to file a plan timely under section 1321 of this title;

(4) denial of confirmation of a plan under section 1325 of this title and denial of additional time for filing another plan or a modification of a plan;

(5) material default by the debtor with respect to a term of a confirmed plan;

(6) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title; and

(7) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan.

income to fund a plan. The evidence is undisputed that he has had no such personal income for the past two years. No evidence has been presented from which the Court can find corporate ability or personal performance equal to a regular income within the statutory meaning.

 An individual with regular income is defined in § 101(24) of the Code as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 . . . ." The creditors rely heavily upon the use of the word "is" in the statute asserting that it requires, as of the date of the petition, an existent regular and stable income. Such a view is too limited. The debtor must demonstrate that he will have income to make the payments under the plan. This may in fact be a prospective determination and is not limited to the historical view asserted. *Matter of White Birch Park*, 471 F.Supp. 159 (E.D.Mich. 1979). See also, 10 *Collier on Bankruptcy* ¶ 22.09 (14th Ed. 1978), where it is said:

> The mere fact that an individual is not presently employed does not exclude him from the meaning of "wage earner," although it might affect the feasibility of his plan . . . .

The Code definition of "individual with regular income" seems even more clear that this view should govern. Here, however, the Court is asked to speculate in an impermissible manner. The prospective ability to fund a plan does not permit an historical vacuum. There must be some factual basis for the Court to determine the regularity and stability of the debtor's income. Here there is simply none. Thus, the Debtor has failed to establish his qualification to seek Chapter 13 relief.

The Court has not reached the other two questions raised by the creditors. It would appear, however, that the Debtor does not make a claim contingent or unliquidated simply by scheduling the claim as "disputed." A procedure for allowance would undoubtedly be required prior to confirmation, perhaps in the manner contemplated in Rule 13–307 F.R.B.P. The question of pre-petition transfer becomes important upon confirmation to determine whether creditors receive that which they would have in a Chapter 7 liquidation. The Debtor has not devoted any such property to the payment of creditors under the plan, and, therefore, the issue of the Trustee's ability to recover is not appropriate.

An order of conversion shall issue.