**In re Delores CAMPBELL, Debtor.**

**Bankruptcy No. 883–31784–18.**

United States Bankruptcy Court, E.D. New York.

March 15, 1984.

---

Norman M. Mendelson, Carle Place, N.Y., for debtor.

Richard McCord, Glen Cove, N.Y., Trustee.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

This matter is before the court for confirmation of the debtor's proposed Chapter 13 plan. At the hearing on confirmation the trustee objected to debtor's proposed plan on the grounds that it would be funded with certain payments that do not constitute "regular income" within the meaning of § 109(e) and by reference § 101(24) of the Bankruptcy Reform Act of 1978 ("Code"). Decision was reserved.

## FACTS

Delores Campbell ("debtor") possesses a one-third undivided interest in a residential dwelling along with her sister, Dorsha Campbell, and another sister and her spouse, Gail and Henry Cook (the "Cooks"), who share the remaining fee ownership. After a default in the mortgage occurred, the mortgagee, Ridgewood Savings Bank ("mortgagee") accelerated the mortgage. Debtor filed a petition under Chapter 13 in an effort to deaccelerate the mortgage and cure the arrears through her proposed plan. At the time of the filing, the mortgagee was owed $21,595.00 which sum debtor asserts accrued as the consequence of her inability to make her proportionate share of payments. The mortgagee is the only creditor listed by debtor in her petition. The mortgagee has consented to the confirmation of the plan so long as pre-petition arrears are cured under the plan.

The plan calls for repayment in full of this obligation over a 36 month period, and requires monthly payments each in the amount of $797.00. Debtor is steadily employed as a "personal care aide," earning a net salary of $568.00 per month. In addition to her salary, debtor lists as income social security benefits to which her daughter is entitled, and which have been promised to her by her daughter, amounting to $214.00 per month. She further lists voluntary contributions to be made to her by her sister, Dorsha Campbell, in the amount of $400.00 and by the Cooks in the same amount. Thus, debtor reports a monthly income of $1,582.00 from which to fund her plan and meet her monthly living expenses. At confirmation, an objection was raised by the trustee that the voluntary payments to be received by debtor did not constitute "regular income" under § 109(e) as defined by § 101(24). Under § 1325(a)(1), a Chapter 13 plan shall not be confirmed unless it complies with "the provisions of this chapter and with other applicable provisions of this title."

## DISCUSSION

Under § 109(e) of the Code, only an "individual with regular income" is eligible for relief under Chapter 13. The phrase "individual with regular income" is defined in § 101(24) as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 of this title, other than a stockbroker or a commodity broker."

These sections embody a substantial change in the standards for qualification under Chapter 13 from predecessor sections of the Bankruptcy Act of 1898 ("Act") which provided that only wage earners were entitled to seek Chapter XIII relief. A "wage earner" was defined as an "individual whose principal income is derived from wages, salary or commissions." Section 606(8).

The applicable legislative history discloses the basis for this change. Specifically, the legislative history supporting § 101(24) reveals an intent by the legislature to:

> expand substantially the kinds of individuals that are eligible for relief under chapter 13 Plans for Individuals with Regular Income.... The definition encompasses all individuals with incomes that are sufficiently stable and regular to enable them to make payments under a chapter 13 plan. Thus, individuals on welfare, social security, fixed pension incomes, or who live on investment incomes, will be able to work out repayment plans with their creditors rather than being forced into straight bankruptcy. (Emphasis added.)

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. at 311–312, reprinted in Appendix 2 *Collier on Bankruptcy* (15th ed. 1983); S.Rep. No. 95–989, 95th Cong., 2nd Sess. at 24, reprinted in Appendix 3 *Collier on Bankruptcy* (15th ed. 1983).

Thus, the cited language justifies a liberal interpretation of the phrase "regular income." *In re Cohen*, 13 B.R. 350, 7 B.C.D. 1399 (Bkrtcy.E.D.N.Y.1981); *In re Iacovoni*, 2 B.R. 256, 1 C.B.C.2d 331; 5 B.C.D. 1270 (Bkrtcy.D.Utah, 1980).

■ The type or source of income is no longer a rigid criterion for determining a debtor's eligibility for Chapter 13 relief. 5 *Collier on Bankruptcy*, ¶ 1300.40[1] (15th ed. 1979). As was stated in *In re Cole*, 3 B.R. 346, 349, 6 B.C.D. 216, 217–218 (Bkrtcy.S.D.W.Va.1980):

> Under the new bankruptcy code, a petitioner need not be a wage earner to qualify for relief under Chapter 13. The test is no longer the nature of the income but rather its stability and regularity. The income of most petitioners will still be derived from wages but Congress has made clear its intent to expand the eligibility for this form of relief to include the self-employed, even certain non-employed persons, conditioned only on the regularity and stability of income to support a Chapter 13 Plan.

■ Hence, an individual who derives income from any number of sources other than wages is eligible to propose a plan under Chapter 13 provided that the flow of funds is shown to be sufficiently regular and stable to enable him to make payments under a plan. *In re Estus*, 695 F.2d 311 (8th Cir.1982); *In re Esser*, 22 B.R. 814, 7 C.BC.2d 149 (Bkrtcy.E.D.Mich.1982); *In re Wilhelm*, 6 B.R. 905, 3 C.B.C.2d 147 (Bkrtcy.E.D.N.Y.1980); 2 B.R. at 260, 1 C.B.C.2d at 337, 5 B.C.D. at 1271–1272; *In re Mozer*, 1 B.R. 350, 5 B.C.D. 1029 (Bkrtcy.D.Colo.1979).

■ In this case, debtor's relatives have agreed to contribute funds to the debtor which debtor proposes to use to meet her daily living expenses and to fund her plan. The court in *Cohen*, 13 B.R. at 356, 7 B.C.D. at 1403, addressed substantially the same issue. In that case the debtor's husband agreed to pay all of her necessary living expenses leaving the debtor's entire salary to fund the plan. In finding that contribution from family members could properly be considered "regular income," Judge Goetz stated:

> When Congress extended Chapter 13 to include other than wage earners, it indicated at the same time that it wished to

take a liberal view of the income from which Chapter 13 payments could be made. Among the possible sources mentioned in the legislative history are welfare payments. H.R.Rep. 95–595, 95th Cong., 1st Sess. at 119 (1977). If the generosity of the Government can be considered in determining the income available for meeting Chapter 13 obligations, there seems no good reason for excluding the generosity of a close relative.

Significantly, the decision continues by stating: "Moreover, in the case of a husband, there is more than generosity to be considered; the state of matrimony imposes its own financial obligations." *Id.*

This court construes the *Cohen* decision, when viewed in its entirety, as enunciating the precept that under certain circumscribed circumstances a court may approve confirmation of a Chapter 13 plan where a portion of the income from which debtor proposes to make plan payments and provide for general costs of living, emanates gratuitously from family members. As this court reads *Cohen,* what was pivotal in the court's determination was the fact that the sums of money to be contributed by the husband were directed to discharge his legal and moral obligation to support his spouse, *see* § 412 N.Y. Family Court Act (CLS 1983), and were also predicated upon the husband's desire to retain his home. Simply stated, the husband's dedication of his income for the purposes of the plan was not motivated by generosity but by enlightened self-interest and by a duty to his wife.

However, to the extent that *Cohen* represents the proposition that payments to the debtor prompted solely by the generosity of a close relative may be included as regular income of the debtor, this court does not follow it. Our divergency rests upon our disagreement with what apparently is an underlying premise that gratuitous payments by close relatives are substantially analogous to governmental welfare payments for purposes of determining debtor's "regular income." This court holds that as a general proposition, gratuitous payments

to a debtor by his relatives do not constitute regular income. However, the unique facts and circumstances of the instant case justify departure from this rule.

 In this case, the court, guided by the *Cohen* decision, is convinced that the payments to be made by the family members are "sufficiently stable and regular" as required under § 101(24). First, the relatives, except for debtor's daughter, are jointly liable with debtor on the mortgage. In addition, they possess an undivided property interest along with debtor in the home. Alternatively, debtor's daughter is a minor under the control of the debtor and deriving the benefit of the family domicile. Thus, the contributing family members all have a substantial interest in debtor's successful execution of the plan under consideration. Finally, these relatives have already demonstrated a willingness to assist the debtor by paying the debtor's attorney's fees.

However, none of these factors is a substitute for direct evidence of the actual assent of these parties to assume this responsibility. The trustee has notified the court that he has requested that the aforementioned family members submit affidavits to him signifying both their willingness and ability to make these contributions. Accordingly, the court, having given due weight to the mortgagee's consent to confirmation, and to the specific facts and circumstances of this case, approves confirmation subject to the submission by the contributing relatives to the trustee (with copies to the court), within ten (10) days from the date of this order, of affidavits demonstrating both their commitment to and their ability to fund debtor's Chapter 13 Plan.

Submit Order.