**In re Chester SLOAN, Debtor.**

**Bankruptcy No. 86–394.**

United States Bankruptcy Court,
D. New Hampshire.

Oct. 29, 1986.

Chester Sloan, pro se.

Joseph Szabo, Boston, Mass., trustee.

### ORDER DISMISSING CHAPTER 13 PROCEEDING

JAMES E. YACOS, Bankruptcy Judge.

This court on October 3, 1986 entered its order requiring the above named debtor to show cause why the debtor's Chapter 13 proceeding pending in this court should not be dismissed. The court's order provided that the debtor and/or any creditor should file their response on or before October 20, 1986. The debtor on October 17, 1986 filed his response, which has been reviewed and considered by the court. No creditor filed any response to the October 3rd order.

Having considered the entire record in this Chapter 13 proceeding, and the debtor's response filed on October 17, 1986, the court concludes that the above-named debtor is not a qualified party entitled to file a Chapter 13 petition within the meaning and purpose of § 109(e) of the Bankruptcy Code.

Moreover, even if § 109(e) did not bar the filing, the debtor has failed to show any prejudice from the dismissal of the present Chapter 13 proceedings, without prejudice to any subsequent Chapter 13 filing that the debtor may elect to file, after he is released from incarceration in federal prison in January of 1987, and after he has obtained employment providing a regular income sufficient to fund a meaningful Chapter 13 Plan. It is accordingly,

ORDERED, ADJUDGED and DECREED as follows:

1. This Chapter 13 proceeding, be, and the same hereby is, dismissed as not being a qualified filing by a qualified debtor with-

in the intended scope of Chapter 13 of the Bankruptcy Code. Cf. *In re Gellert*, 55 B.R. 970 (Bankr.D.N.H.1985); *In re Mozier*, 1 B.R. 350, 352 (Bankr.D.Colo.1979).

2. This dismissal is without prejudice to any subsequent filing under the Bankruptcy Code by the above-named debtor after his release from imprisonment.