**In re John B. and Linda K. SOHRAKOFF.**

Bankruptcy No. 287–06302–A–12.
Motion No. HSM–2.

United States Bankruptcy Court, E.D. California.

April 13, 1988.

John D. Bessey, Hefner, Stark & Marois, Sacramento, Cal., for Feather River Prod. Credit Assn.

Brant J. Bordsen, Rich, Fuidge, Morris & Sanbrook, Inc., Marysville, Cal., for debtors.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Chief Judge.

The debtors, John B. and Linda K. Sohrakoff, filed a chapter 12 petition on November 4, 1987. Creditor, Feather River Production Credit Association (FRPCA), brings the present motion for relief from the automatic stay or dismissal. The motion was argued orally on March 7, 1988 and submitted. JOHN D. BESSEY, ESQ., of Hefner, Stark & Marois represents FRPCA and BRANT J. BORDSEN, ESQ., of Rich, Fuidge, Morris & Sanbrook, Inc. represents the debtors.

The following facts are undisputed. In the 1986 tax year the debtors earned $28,664 income from non-farming operations. In that same year, the debtors received an additional $34,752.33. In a supplemental declaration filed with this court on March 1, 1988, John B. Sohrakoff states that of the $34,752.33, $22,349 came from a partial sale of acreage and $12,403.33 represents his one third (⅓) share of gross income from his farming partnership.

The characterization of this $34,752.33 is in dispute. FRPCA argues that this amount is income from a non-farming oper-

ation and, thus, the debtors are ineligible for chapter 12 relief. The debtors strongly disagree.

*The $22,349 from the sale of farm land*

A family farmer is. defined in part by 11 U.S.C. § 101(17)(A) as an,

individual or individual and spouse engaged in a farming operation ... and ... [who] receive from such farming operation more than 50 percent of such individual's or such individual and spouse's gross income for the taxable year preceding the taxable year in which the case ... was filed.

In turn, farming operation is defined in § 101(20) to include,

farming, tillage of the soil, dairy farming, ranching, production or raising of crops, poultry, or livestock, and production of poultry or livestock products in an unmanufactured state.

In *Matter of Armstrong*, 812 F.2d 1024 (7th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 287, 98 L.Ed.2d 248 (1987), the debtor argued that an involuntary chapter 11 petition could not be filed against him because he was a farmer. The court found that income which the debtor received from the sale of farm equipment qualified as income from a farming operation. The court reasoned that the Code's definition of farming operation was not all-inclusive. 812 F.2d at 1026. The court stated,

[i]mplicit in this definition is the inclusion of general activities inherent in farming and, we believe, the means (or in this case the equipment) necessary to perpetuate the farming operation the definition speaks of. When a farmer sells some of his machinery in an effort to scale down his operation ... and save the farm, the money received is inescapably from the 50% of the farming operation dissolved. 812 F.2d at 1026.

*See also In re Rott*, 73 B.R. 366, 373 (Bankr.D.N.D.1987).

The only reported case which this court found regarding the sale of farm land and eligibility for chapter 12 relief is *In re Tart*, 73 B.R. 78 (Bankr.E.D.N.C.1987).

The court in *Tart* held that debtors were not family farmers where they: 1) had sold all of their farm land prior to filing chapter 12; 2) did not intend to resume farming; and 3) had only minimally engaged in farming during the preceding tax year. The court looked to the legislative history of chapter 12 and noted that "its primary purpose is to help family farmers *continue* farming." (emphasis in the original). 73 B.R. at 81.

Although the debtors in the present case have not sold all of their farm land, the court nevertheless finds that they are ineligible for chapter 12 relief. This court distinguishes and thus declines to follow *Armstrong* and *Rott* and instead finds that income from the sale of farm land is not income from a farming operation.

Both *Armstrong* and *Rott* involved a farmer who sold farm equipment. One can envision, as those courts did, that the sale of farm equipment helped the farmer to reorganize so that he could actually continue to farm. A farmer who sells his own farm equipment is not impeded in his ability to continue farming. That farmer can always rent whatever equipment he needs.

The sale of farm land, however, presents a different scenario. The logical and strong inference from such a sale is that the farmer does not intend to continue farming. As the court in *Tart* correctly noted, chapter 12 was enacted for those farmers who want to keep their land and continue to farm[1].

The court agrees with the reasoning of the court in *In re Dakota Lay'd Eggs*, 57 B.R. 648 (Bankr.D.N.D.1986) when the court stated,

[i]f the term "farming operation" as used in section 101(17) were intended by Congress to have no definitional parameters, then Congress would not have bothered, via section 101(18), to provide by example those types of operations which the term was meant to include. Section 101(18) suggests that the term "farming operation" was meant to include those activities normally done by persons engaged in

1. The court notes that the debtors have filed a partial plan of liquidation.

the initial stages of production.  57 B.R. at 653.

*The source of the $12,403.33*

The burden of proof in establishing eligibility for bankruptcy relief is on the party who files the petition.  *Rott,* 73 B.R. at 371; *In re Mozer,* 1 B.R. 350, 351 (Bankr. D.Colo.1979).

In the supplemental declaration of John B. Sohrakoff he states that $12,403.33 out of the $34,752.33 is income from his farming partnership.  The debtors provide no other details.  Thus, the court cannot determine if this amount is derived from the sale of crops, cash rent proceeds or a percent of the crop share.  In short, the debtors have not sustained their burden of proving that the source of this amount is from a farming operation.

The court intends to grant FRPCA's motion to dismiss.  Counsel for FRPCA shall prepare and submit an order consistent with this memorandum opinion and decision.