**In re Katherine J. VARIAN, Debtor.**

**Bankruptcy No. 5–88–00533.**

United States Bankruptcy Court,
D. Connecticut.

Nov. 1, 1988.

---

**3.** The bankruptcy court will begin with consideration of the motion to remand on its merits.

**654**

Lucille J. Becker, Hyatt Legal Services, Orange, Conn., for debtor.

Daniel Meister, Norwalk, Conn., Chapter 13 trustee.

MEMORANDUM AND DECISION ON CHAPTER 13 ELIGIBILITY UNDER CODE § 109(e)

ALAN H.W. SHIFF, Bankruptcy Judge.

The issue before the court is whether a chapter 13 debtor may fund her plan with monthly payments from her husband. The chapter 13 trustee recommends confirmation; there is no objection. For the reasons that follow, I conclude that these payments constitute "regular income".

Bankruptcy Code § 109(e) provides in part: "Only an individual with regular income ... may be a debtor under chapter 13 of this title." Code § 101(29) provides in part that " 'individual with regular income' means individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title ...." That definition was intended to "expand substantially the kinds of individuals that are eligible for relief under chapter 13 ...." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 311–312 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 24 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5810, 6268–6269. The cited legislative history justifies a liberal interpretation of the phrase "regular income". See In re Robertson, 84 B.R. 109, 111 (Bankr.S.D.Ohio 1988); In re Campbell, 38 B.R. 193, 195 (Bankr.E.D.N. Y.1984).

The test is not the type or source of income, but rather its stability and regularity. See In re Campbell, supra, 38 B.R. at 195 (quoting In re Cole, 3 B.R. 346, 349 (Bankr.S.D.W.Va.1980)). Thus, an individual who derives income from a source other than wages is eligible to propose a chapter 13 plan provided that the flow of funds is shown to be sufficiently regular and stable to enable payments to be made under a plan. In re Robertson, supra, 84 B.R. at 111; In re Campbell, supra, 38 B.R. at 195; In re Mozer, 1 B.R. 350, 352 (Bankr. D.Colo.1979). The court is not limited to the date of the filing of the petition in determining what constitutes regular income, but may view the circumstances prospectively. In re Robertson, supra, 84 B.R. at 111; In re Tucker, 34 B.R. 257, 262 (Bankr.W.D.Okla.1983); In re Troyer, 24 B.R. 727, 730 (Bankr.N.D.Ohio 1982); In re Mozer, supra, 1 B.R. at 352.

While payments motivated solely by generosity may not be regular income, it has been found that where a family member dedicates income for the purposes of the plan, and is motivated by "enlightened self-interest and a duty," the debtor's income is sufficiently regular and stable to confirm the plan. In re Campbell, supra, 38 B.R. at 196; Cohen v. E.F. Werner (In re Cohen), 13 B.R. 350, 356 (Bankr.E.D.N.Y. 1981). More specifically, it has been found that a family member who is jointly liable on a debt has "a substantial interest in the debtor's successful execution of the plan under consideration." In re Campbell, supra, 38 B.R. at 196.

Under Connecticut law, a spouse is responsible for liabilities incurred by the other spouse during a period of separation if

reasonable support has not been provided during the separation. *See* Conn.Gen.Stat. Ann. § 46b–37(c) (West 1986). In this case, the debtor and her husband were separated from September, 1987 through May, 1988. During that period, he provided her with only token support, as a consequence of which debts were incurred which are the subject of her chapter 13 plan. The parties are now reconciled. The husband has provided the court with a letter confirming his commitment to pay $230.00 per month to the trustee to fund the plan. I conclude that that committment is a source of "regular income" to the debtor and qualifies her to be a debtor under chapter 13.

Accordingly, the debtor's plan should be and is hereby confirmed, and IT IS SO ORDERED.