**In re Anthony C. ANTOINE, Debtor.**

**Bankruptcy No. 197–10024–575.**

United States Bankruptcy Court,
E.D. New York.

March 31, 1997.

18

Stuart P. Gelberg, Garden City, NY, Chapter 13 Trustee.

James E. Hurley, Jr., New York City, for debtor.

### MEMORANDUM OPINION ON MOTION TO DISMISS

LAURA TAYLOR SWAIN, Bankruptcy Judge.

This matter comes before the Court on the motion of the Chapter 13 standing trustee (the "Trustee") to dismiss with prejudice pursuant to 11 U.S.C. § 1307(c) the Chapter 13 case of Anthony C. Antoine (the "Debtor"). The Debtor is dependent on his wife for support, and his proposed Chapter 13 plan relies on contributions from his wife to fund all plan payments. Based on the undisputed facts that the Debtor currently has (and at the time the petition was filed had) no earned or other income from wages, self-employment, benefit plans, government employment and the like, the Trustee argues that the Debtor is ineligible to maintain a

Chapter 13 case because he is not "an individual with regular income" within the meaning of 11 U.S.C. §§ 101(30) and 109(e). The Debtor opposes the Trustee's motion and cross-moves for sanctions and costs.

The Court heard argument and testimony relating to these motions on February 26, 1997. Following the hearing, the Court denied the Debtor's cross-motion for sanctions and costs and reserved decision on the Trustee's motion to dismiss the petition. Having considered thoroughly the parties' documentary and oral submissions and the Debtor's sworn testimony, the Court hereby makes its findings of fact and conclusions of law in accordance with Fed. R. Bankr.P. 7052.

The Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), 157(b)(2)(A) and 1334. For the reasons set forth below, the Trustee's motion is denied.

### BACKGROUND

The Debtor, an unemployed carpenter, filed a petition for relief under Chapter 13 of the Bankruptcy Code on January 2, 1997. Based on the Debtor's sworn testimony, which the Court finds credible, the Court finds that the Debtor and his wife, Patricia L. Antoine ("Mrs.Antoine") have had a 28-year relationship and have been married for the past seventeen years. The two maintain joint property and have supported each other during their marriage. The Debtor's work is cyclical. In recent years, the Debtor supported Mrs. Antoine while she was pursuing qualifications to work in anaesthesiology. Mrs. Antoine has been employed by the State of New York in anaesthesiology[1] at Downstate Medical Center ("Downstate") since March of 1996. She held a different position at Downstate during the previous four years.

The Debtor and Mrs. Antoine purchased their home together in 1991. The Debtor's schedules filed in connection with the petition indicate that the joint home mortgage obligation is the principal focus of the Debtor's reorganization effort under Chapter 13.

---

1. The Debtor, whose schedules indicate that his wife is employed at Downstate as an "adminis-

trator," testified that Mrs. Antoine also performs administrative duties at Downstate.

In addition to the Debtor's sworn testimony, the Court has considered Mrs. Antoine's "Affidavit Attesting to Third Party Income" sworn to on January 7, 1997 and filed in support of the Debtor's petition on January 30, 1997, in which Mrs. Antoine represents that she is the Debtor's wife, that she resides in the same house as the Debtor, and that she is employed by the State of New York and earns an annual salary of $62,500. In addition, Mrs. Antoine states in her affidavit that the couple's household is maintained "as one" and she has agreed to contribute her entire paycheck in support of the Debtor's expenses and his obligations under the Chapter 13 plan.[2]

### DISCUSSION

■ Under section 109(e) of the Bankruptcy Code (11 U.S.C. § 109(e)), only an "individual with regular income" is eligible to be a debtor in a Chapter 13 case. Section 101(30) of the Bankruptcy Code defines an "individual with regular income" as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13." It is the debtor's burden to demonstrate that he or she has such regular income. *In re Norwood,* 178 B.R. 683, 691 (Bankr.E.D.Pa. 1995) (incumbent on the debtor to establish income is sufficiently stable and regular); *In re Sassower,* 76 B.R. 957, 961 (Bankr. S.D.N.Y.1987) (debtor must produce credible evidence of the existence of a regular income); *In re Wilhelm,* 6 B.R. 905, 908 (Bankr.E.D.N.Y.1980) (quoting *In re Mozer,* 1 B.R. 350, 352 (Bankr.D.Colo.1979) (there must be a factual basis for the court to determine the regularity and stability of debtor's income)).

■ The Bankruptcy Code does not define the term "income." It is widely recognized, however, that Congress intended the term "regular income," as used in sections 101(30) and 109(e), to be interpreted broadly. Unlike the predecessor Bankruptcy Act, which provided a reorganization opportunity only for individual "wage earners," the Bankruptcy Code's definition is intended to encompass individuals whose support is derived from welfare, pensions, investment income, self-employment and other regular sources. *See In re Buren,* 725 F.2d 1080, 1082 (6th Cir. 1984); *In re Fischel,* 103 B.R. 44, 48 (Bankr. N.D.N.Y.1989); *In re Varian,* 91 B.R. 653, 654 (Bankr.D.Conn.1988) (citing H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 311–312 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin. News 5963, 6268–6269; S.Rep. No. 95–989, 95th Cong., 2d Sess. 24 (1978) *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787, 5810); *In re Campbell,* 38 B.R. 193, 194 (Bankr.E.D.N.Y.1984).

■ The Trustee correctly maintains that gratuitous payments by family members and other third parties have not, as a general rule, been held to constitute "regular income" for purposes of the Bankruptcy Code. Thus, confirmation has been denied to plans premised on such payments where there was no history of such payments to the debtor and the payments were promised only on an "as needed" basis (*In re Norwood,* 178 B.R. 683), where no evidence as to the nature of the relationship between the parties or the source of the third party's income was provided (*In re Sigfrid,* 161 B.R. 220 (Bankr. D.Minn.1993)), where there was no evidence of family members' willingness to contribute (*In re Felberman,* 196 B.R. 678 (Bankr. S.D.N.Y.1995)), and where the third party had no legal duty or independent motivation to make the contributions (*In re Fischel,* 103 B.R. 44).

Such contributions have been found sufficient to support Chapter 13 debtor status and/or plan confirmation in a number of cases, however. In *In re Campbell,* 38 B.R. 193, cited by both the Debtor and the Trustee, the court found that contributions of the debtor's family constituted sufficiently stable and regular income under the circumstances of the case. In confirming the debtor's plan, the court noted that the contributing family members had a substantial interest in the

---

**2.** According to the Debtor, Mrs. Antoine was engaged in work at Downstate on the day of the hearing. The Trustee did not contest the factual assertions in the affidavit, arguing instead that the Debtor fails to satisfy the eligibility requirements of Chapter 13 because he has no outside income of his own.

debtor's successful execution of the debtor's Chapter 13 plan in that, with one exception, they were jointly liable with the debtor on the mortgage and they possessed an undivided property interest in the home. In addition, the court found that the relatives had already demonstrated a willingness to assist the debtor by paying his attorney's fees. *In re Campbell,* 38 B.R. at 196. The court required, however, that the family members also submit affidavits attesting to their willingness and ability to make contributions to the debtor's plan.

"[E]nlightened self-interest and a duty" on the part of the third party making contributions, arising from joint liabilities and/or legal support obligations, were similarly held to support findings of "regular income" in *In re Varian,* 91 B.R. at 654 (payments motivated solely by generosity may not be regular income, but where contributions are motivated by self-interest and a duty, payments are regular income for purposes of Chapter 13) and *In re Cohen,* 13 B.R. 350, 356 (Bankr. E.D.N.Y.1981) (husband's contributions found to be based upon duties arising from matrimony).

The Trustee, apparently focusing on the source or type, rather than the regularity, of the income supporting the plan, argues that the cases in which plans based on family contributions have been allowed are distinguishable because in most instances the debtor had some conventional source of income in addition to the family contributions. This is a distinction without a legally significant difference. In none of those cases would the debtor's other income, standing alone, have been sufficient to fund the plan payments as well as the debtor's other expenses; unless the third party contributions constituted "income," there would have been no basis for confirmation.

■ The benchmark for determining whether an individual has "regular income" for purposes of section 101(30) of the Bankruptcy Code is not the type or source of income, but "its stability and regularity." *In re Fischel,* 103 B.R. at 48; *In re Varian,* 91 B.R. at 654; *In re Campbell,* 38 B.R. at 195 (quoting *In re Cole,* 3 B.R. 346, 349 (Bankr. S.D.W.Va.1980) (Congress made clear its intent to include even certain non-employed persons, provided that income was sufficiently stable and regular)); *see also In re Sigfrid,* 161 B.R. at 222 (determining that where debtor is unemployed, debtor must establish that the source of the payment, such as a non-debtor spouse's income, is sufficiently stable and regular and such a determination is made on a case-by-case basis); *In re Rowe,* 110 B.R. 712, 718 (Bankr.E.D.Pa.1990) (finding debtor's receipt of $200 a month from her son constituted stable and regular income).

The Court holds that the Debtor has shown that he has, based on Mrs. Antoine's contributions, "income that is sufficiently stable and regular" to meet the eligibility requirements imposed by sections 109(e) and 101(30) of the Bankruptcy Code. Mrs. Antoine has significant earnings from her employment which, as her affidavit states, she has promised to contribute to the payment of the Debtor's expenses and Chapter 13 plan obligations. The parties have a long history of mutual support and a stable marital relationship. Furthermore, both "enlightened self-interest" and a legal duty provide Mrs. Antoine with incentives to make good on her undertaking. Mrs. Antoine resides in, and is co-obligor on the mortgage covering, the marital residence and thus has an interest in making payments sufficient to cure the mortgage defaults and preclude foreclosure. Moreover, Mrs. Antoine has a legal duty to provide spousal support. Section 412 of the New York State Family Court Act provides:

A married person is chargeable with the support of his or her spouse and, if possessed of sufficient means or able to earn such means, may be required to pay for his or her support a fair and reasonable sum, as the court may determine, having due regard to the circumstances of the respective parties.

Spousal support obligations have been recognized by other courts as significant in determining whether a debtor has "regular income" when a non-debtor spouse's contributions are necessary to fund a plan. *See In re Cohen,* 13 B.R. at 356 ("the state of matrimony imposes its own obligations"); *In re Varian,* 91 B.R. at 654–655 (contribu-

tions by debtor's spouse were sufficient regular and stable income, considering state law requiring support during separation).

The Debtor has established that he enjoys a stable and regular income sufficient to render him an "individual with regular income" for purposes of 11 U.S.C. § 109(e). Accordingly, the Trustee's motion is DENIED in its entirety. The Court will enter an order consistent with this opinion.