Barry H. Sternberg (Janet MacDonald, of counsel), Amherst, NY, for Debtor.

**In re Craig G. HANLIN, Debtor.**

**Bankruptcy No. 97–13647 K.**

United States Bankruptcy Court,
W.D. New York.

Aug. 7, 1997.

MICHAEL J. KAPLAN, Chief Judge.

The question before the Court is whether an unemployed student whose only "income" is $650 per month in "assistance from friends and family members" (principally his parents) is an "individual with regular income" as defined at 11 U.S.C. § 101(30), and is therefore eligible to be a debtor under Chapter 13 pursuant to 11 U.S.C. § 109(e).[1] The Debtor proposes a Chapter 13 plan that will pay 30% to his unsecured creditors, plus a present value factor, over the course of five years. His unsecured claims total approximately $15,000. A 30% (or $4,500) payout is required by the Chapter 7 test; the Debtor owns outright a 1995 Plymouth Neon with a value of approximately $6900, of which $2400 is exempt.

---

1. 11 U.S.C. § 109(e) specifies that "[o]nly an individual with regular income … may be a debtor under chapter 13 of this title," and 11 U.S.C. § 101(30) defines an "individual with reg- ular income" to mean an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title…."

The Debtor has elected Chapter 13 rather than Chapter 7 because although his parents are willing to fund a five year payout of the non-exempt equity in the car, they will not, or perhaps cannot, fund a lump-sum purchase of it from a Chapter 7 trustee. Surprisingly, the Chapter 13 trustee joins the Debtor's counsel in seeking approval of this Plan.

█ In my view, the Debtor is not eligible for Chapter 13. The basic fact is that this Debtor has no income at all. Rather, it is his parents who have income and they are not before the Court. To uphold this Debtor's position would be to subject the Chapter 13 process to ridicule, as well as fly in the face of any sensible reading of the statute. It would insult those who struggle mightily to earn Chapter 13 relief either through their labors or through their sacrifices or through the misfortunes that result in public assistance.

We must distinguish between "eligibility" and "feasibility." This writer regularly approves plans in which the contribution of some assistance to a debtor's *own income* is necessary to make a plan "feasible" under 11 U.S.C. § 1325(a)(6). But one does not reach feasibility until one gets past "eligibility." An able-bodied unmarried debtor whose only source of sustenance is what he can borrow and how much his parents will "gift" to him is not a person with "regular income" under 11 U.S.C. §§ 109(e) and 101(30).

This case is not the case of a married homemaker who may lay legal claim to the income of the supporting spouse and whose spouse's income and expenses are reviewable here, even if the reporting spouse is not a debtor here, by virtue of the command contained in Official Schedule I. Nor is this the case of a debtor who needs a contribution from a roommate or a family member to be added to his own regular income in order to make the plan feasible. Rather this is a debtor who has no legal right to support from any source, no earnings, and would have no need for Chapter 13 relief were it not for the fact that he does not want to give up his car to a Chapter 7 trustee and repurchase a lesser vehicle out of the $2400 exempt proceeds that would be turned over to him.

This writer has found no case directly on point, but finds guidance in cases that have some relationship to the issue at bar.[2] In the case of *In re McGowan,* 24 B.R. 73 (Bankr. N.D.Ohio 1982), the debtors were a husband and wife. The husband was in fact a wage earner, but his income was found not to be sufficiently stable and regular to meet the § 109 eligibility requirements. A very small monthly supplement ($18.50) had also been arranged with the husband's parents. The court stated that "[t]he basic concept underlying 'wage earner' under the [1898] Bankruptcy Act and 'individual with regular income' under the Code ... both ... should mean an individual who is dependant for a living upon the result of his or her own individual effort ... not that of some outside family member." *Id.* at 74 (citation omitted). The combination of the lack of regularity to the husband's wages and the court's opinion as to the small family contribution led the court to conclude that the debtors were not eligible under § 109.

In the case of *In re Ristic,* 142 B.R. 856 (Bankr.E.D.Wis.1992), the debtor was a prisoner with work in the maintenance department of the prison at a net monthly income of approximately $100. The court stated that "[a]lthough the definition of an individual with regular income is broad, there are, nonetheless, limitations. Ristic has no con-

---

**2.** In the case of *In re Fischel,* 103 B.R. 44 (Bankr.N.D.N.Y.1989), the debtor had a monthly take-home pay of $620 and requested confirmation of a plan that required a monthly contribution from a friend, in the amount of $760. The court suggested that it would approve the plan if the friend would legally obligate himself to dedicate a portion of his income for the life of the debtor's plan and if he demonstrated an ability to do so. In my view, the issue in that case was "feasibility" and not "eligibility." Similarly, in the case of *In re Campbell,* 38 B.R. 193 (Bankr. E.D.N.Y.1984), the debtor netted $568 per month from her own employment, and listed contributions of over $600 per month from her daughter and her sister. The court held that "as a general proposition, gratuitous payments to a debtor by his relatives do not constitute regular income." *Id.* at 196. But the court found unique facts and circumstances that justified the departure from the rule. Again, in my view, that was a "feasibility" case, not an "eligibility" case.

trol over the work he is assigned while in prison or whether such work will continue." While this writer does not fully agree that "control" is a *sine qua non* of "income," a number of attributes related to "control" do seem to be key, *i.e.*, measurability, verifiability, and entitlement. These attributes are found in such everyday manifestations as "hours worked times hourly rate of pay;" periodic yield on investment, and valuing the investment itself; a distribution from a trust or pension; disability benefits; or amounts approved for payment by a governmental agency such as Social Security or a social service agency (and the information upon which the award is based). None of these attributes are reflected in the Debtor's simple statement that he has no support other than what his parents will give him in order to save his car over the duration of a five-year Chapter 13 plan.

In the Second Edition of the Random House Unabridged Dictionary, the prime definition of "income" is "the monetary payment received from goods or services, or from other sources, as rents or investments." The synonyms are "interest, salary, wages, annuity, gain, return, earnings." All of those definitions reflect the attributes that the Court has focused on above. In the 1976 Edition of Funk and Wagnalls Standard Desk Dictionary, "income" is defined as "money, or sometimes its equivalent, received periodically by an individual . . . in return for labor or services rendered, or from property, etc." An allowance from parents is not within the "etc."

█ Confirmation is denied. If the Debtor obtains some regular income of his own,[3] and thereby becomes "eligible," he may offer a plan by which "feasibility" is obtained by means of contribution from friends or relatives.

SO ORDERED.

---

3. The Statement of Affairs reflects that this Debtor had some income from wages in each of the last two years.