**In re Beverly J. JORDAN, Debtor.**

**Bankruptcy No. 98–51015–13.**

United States Bankruptcy Court,
D. Montana,
Butte Division.

Oct. 16, 1998.

**118**

Robert G. Drummond, Great Falls, MT, for Trustee.

Gregory E. Paskell, Kalispell, MT, for Debtor.

## ORDER

JOHN L. PETERSON, Chief Judge.

After due notice hearing was held at Missoula on September 29, 1998, on confirmation of the Debtor's Chapter 13 Plan[1]. The Trustee filed objections and appeared in opposition. The Debtor appeared represented by counsel Gregory E. Paskell and testified. At the close of the hearing the Court took the matter of confirmation under advisement. At issue is whether the Debtor is an "individual with regular income" as defined in 11 U.S.C. § 101(30), and thus eligible for Chapter 13 relief, when the Debtor's source of plan payments depends to a large extent on gratuitous payments by a third party, her live-in boyfriend. The Trustee contends the Debtor is not eligible, citing *In re Antoine,*

208 B.R. 17, 19–20 (Bankr.E.D.N.Y.1997). For the reasons set forth below, the Trustee's objection is sustained and confirmation is denied.

## FACTS

The Debtor filed a voluntary Chapter 13 Petition on April 16, 1998. At Schedule I the Debtor lists income in the amount of $312 from her unemployment, and an additional $1,000 from "Boyfriends [sic] sales income", for a monthly total of $1,312. On September 23, 1998, the Debtor amended her Schedule I to show her income as a home care giver as $275.40 after deductions and a total of $1,375.40, including $1,100 from "Live in Boyfriend." Schedule J shows her monthly expenses as $1,215.96[2] and her net excess income as $96.04.

The Debtor's amended Chapter 13 Plan filed September 23, 1998, (hereinafter the "Plan") provides monthly plan payments in the sum of $86 each month for sixty (60) months. The Plan treats Montana Auto Finance as an impaired secured creditor with an allowed secured claim of $300[3], and cures a default owed to MetWest Services[4] in the sum of $1,517.84. Otherwise, the Plan is a "zero payment" plan, providing $0 to the general unsecured creditors.

The Debtor's $86 monthly plan payment is made possible only from gratuitous contributions by the Debtor's live-in boyfriend, David McCourry ("David"). The Debtor testified that they have lived together for 19 years, that they share everything, and that David has consistently[5] given the Debtor $1,100 per month to cover household bills.

1. The Debtor filed an amended Chapter 13 Plan on September 23, 1998.

2. The Debtor testified that Schedule J does not include the boyfriend's business expenditures.

3. Montana Auto Trader did not file a Proof of Claim. Debtor's counsel filed a Proof of Claim on September 25, 1998, on behalf of Montana Auto Trader pursuant to F.R.B.P. 3004. The Trustee filed an objection on October 5, 1998, on the grounds the Debtor failed to include attachments on the Proof of Claim proving that Montana Auto Finance perfected its security interest in the subject vehicle. A hearing is scheduled on the Trustee's objection on October 27, 1998.

4. MetWest Mortgage Services, Inc. ("MetWest") has filed a motion to modify stay to seek foreclosure and liquidation of its collateral, real property located in Lincoln County, Montana, where the Debtor lives with her boyfriend. The motion alleges the Debtor is five (5) payments in arrears. The Debtor's response states that the $1,517.84 arrearage stated on MetWest's Proof of Claim (No. 5) is cured in the Plan. A hearing on MetWest's motion is scheduled on October 27, 1998.

5. Under questioning by the Court, the Debtor admitted that there have been times when David did not give her the regular $1,100 payment. She testified that last winter both of them were not regularly employed, and became delinquent on their payments.

David did not appear and testify. Neither is there any written document in the record which legally obligates David to give the $1,100 monthly to the Debtor, who testified that without the $1,100 gratuitous contribution from David she cannot make her Plan payment. Her Schedules I and J corroborate that admission. Without the $1,100 gratuitous payment from David, the Debtor's monthly expenses exceed her income by $940.56 [6], leaving nothing for plan payments.

## DISCUSSION

The Trustee objects to confirmation on the grounds the Debtor is not eligible for Chapter 13 relief because she is not an "individual with regular income" as defined at § 101(30), which provides: " '[I]ndividual with regular income' means individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title . . . ." The definition of regular income is broad, but does have limitations. *In re Hanlin*, 211 B.R. 147, 148 (Bankr.W.D.N.Y.1997). "Regular income" under 11 U.S.C. § 109(e) may include welfare, pension, social security, and exempt property. *In re Hagel*, 184 B.R. 793, 797 (9th Cir. BAP 1995).

As a general proposition, gratuitous payments to a debtor by family members and other third parties do not constitute regular income as defined at § 101(30). *In re Antoine*, 208 B.R. 17, 19–20 (Bankr.E.D.N.Y. 1997); *In re Campbell*, 38 B.R. 193, 196 (Bankr.E.D.N.Y.1984). However, under certain circumstances a court may confirm a Chapter 13 plan where a portion of the income from which a debtor proposes to make plan payments emanates gratuitously from family members and is based upon moral and legal obligations as well as the contributors joint liability for obligations, and where there is direct evidence of the actual assent of those parties to assume the responsibility of the contributions to fund the debtor's plan.

*Campbell*, 38 B.R. at 196; *In re Hanlin*, 211 B.R. 147, 148 (Bankr.W.D.N.Y.1997) (Debtor with no income not eligible for Chapter 13 on the basis of parental gifts under § 109); *See* 1 Hon. Keith M. Lundin, *Chapter 13 Bankruptcy* § 1.56 (2nd ed.1994).

The instant case does not involve a husband and wife. While the Debtor characterized her relationship with David as a "family", the fact remains she and David are not husband and wife, and there are no legal family obligations between them. Thus, contributions based upon the type of duty of support arising from matrimony or family relationship and showing sufficient stability and regularity to qualify as "regular income" from the third party are not present here. *See, e.g., Antoine*, 208 B.R. at 19–20; *Campbell*, 38 B.R. at 195–96. Since David is not the Debtor's husband, he has no duty to support the Debtor as his wife pursuant to Mont.Code Ann. §§ 40–2–101 & 102 [7].

David did not appear and testify and commit himself to giving the Debtor $1,100 per month. There is no written agreement in the record executed by David legally obligating him to give the Debtor $1,100 each month. On the other hand, David is a party to the contract for deed attached to Met-West's Proof of Claim, which sets forth Met-West's collateral. By itself, however, David's signature on the contract for deed is not sufficient to show the $1,100 gratuitous payment is regular and stable to constitute regular income. For one thing David is only obligated to pay $650 per month under the contract for deed, far short of the $1,100 the Debtor claims he will pay her. Absent David's legally obligating himself, or otherwise affirmatively acting to dedicate a portion of his income for the life of the debtor's plan, and demonstrating an ability to do so, gratuitous contributions are not sufficiently regular and stable to satisfy § 101(30). *In re Fischel*, 103 B.R. 44, 48–49 (Bankr.N.D.N.Y.

6. $1,215.96 expenses—$275.40 = $940.56.

7. Section 40–4–101 provides: "**Mutual obligations of husband and wife.** Husband and wife contract toward each other obligations of mutual respect, fidelity, and support."

Section 40–2–102 provides: "**Duties of husband and wife as to support.** Insofar as each is able, the husband and wife shall support each other out of their property and labor. As used in this section, the word 'support' includes the nonmonetary support provided by a spouse as homemaker."

1989). In *Fischel*, unmarried individuals who shared living arrangements and mutual reliance on each other much like Beverly and David, but who did not show affirmative action by the non-debtor to legally obligate himself, was deemed insufficient due to the court's jurisdictional inability to compel a non-debtor to commit income. 103 B.R. at 49. The same problem is present with the unmarried individuals in the instant case.

Without David's $1,100 contribution, the Debtor's Plan is not close to satisfying the confirmation requirements of 11 U.S.C. § 1325. Debtor's expenses exceed her income by $940.56 each month without David's contribution. Further, Debtor admitted David's contributions were interrupted last winter when he was unemployed and did not give her the $1,100 each month. Thus, the record shows that David's contribution has not been regular and stable as the Debtor contends. The Court finds that the Debtor failed to show that David's proposed $1,100 contribution is sufficiently regular and stable to constitute regular income.

Without David's contribution the Debtor is not an "individual with regular income" "whose income is sufficiently stable and regular to enable such individual to make payments under" a Chapter 13 Plan as required under § 101(30). Without David's contribution the Debtor's income is only $275.40, which is $940.56 less than her monthly expenses[8]. In such circumstances the Debtor cannot pay the $86 plan payment.

Therefore, the Court finds that the Debtor lacks the ability to effectuate a confirmable Chapter 13 Plan. Pursuant to 11 U.S.C. § 1307(c)(5), the Court finds that dismissal of this case is in the best interests of creditors and the estate.

IT IS ORDERED the Trustee's objections to confirmation filed September 14, 1998, are sustained and confirmation of the Debtor's Amended Chapter 13 Plan filed September 23, 1998, is denied.

IT IS FURTHER ORDERED this case is dismissed for the Debtor's ineligibility for Chapter 13 relief under § 101(30); and all hearings scheduled in this case on October 27, 1998, are vacated.

---

8. Even assuming David pays half the $1,215.96 monthly household expenses, Debtor's $607.98 share of expenses still exceeds her $275.40 monthly income. Debtor is not an individual with regular income sufficient to fund a Chapter 13 Plan under § 101(30).