NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 16-1454 & 16-1455
_____

In re:  MARK A. CULP and PATRICIA J. CHAMBERLAIN,

Appellants

_____

On Appeal from the United States District Court
for the District of Delaware
(District Court Civil Nos. 1-15-cv-00914 and 1-15-cv-00916)
District Judge:  Honorable Leonard P. Stark

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2016

BEFORE:  VANASKIE, KRAUSE, and NYGAARD, *Circuit Judges*

(Filed: March 15, 2017)
_____

OPINION[*]
_____

NYGAARD, *Circuit Judge.*

Appellants Mark Culp and Patricia Chamberlain (Appellants) contend that the

Bankruptcy Court erred by denying their request to convert their Chapter 7 petition into a

Chapter 13 case.  They also argue that the Bankruptcy Court erroneously granted a

motion to sell certain real property.  We will affirm.

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

The District Court, in its various opinions, thoroughly related the factual and procedural background of this matter.[1] We need only summarize. The Appellants owned and operated a bed and breakfast inn that suffered fire damage in 2010. This property was encumbered by liens which exceeded $350,000. In June of 2014, the Appellants filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. They did not claim an exemption interest in the property or in the insurance proceeds they received after the fire. Green Tree, a company that held a promissory note and mortgage on the property, asserted a secured claim for $280,000 and held approximately $74,000 in insurance proceeds in escrow. Accord Restoration Inc., (Accord)—hired by the Appellants to repair the fire damage—asserted a mechanics lien against the property for approximately $40,000. Accord also filed a proof of claim in the Chapter 7 case for $131,210.23, asserting that $74,409.75 of its claim was secured.

The valuation of the fire-damaged property became a flashpoint of disagreement between the Appellants and the Chapter 7 Trustee. The Appellants testified that the damage from the fire was significant, and estimated the fair market value of the property to be $100,000. They based this estimate on valuations set by popularly-used web applications such as Zillow and Trulia, minus the costs of repair and restoration. The Trustee valued the property at $143,423. After protracted negotiations, the Trustee agreed to sell the property to Accord "as is" for $290,000.

---

[1] *See, e.g., In re Culp*, 550 B.R. 683 (D. Del. 2015); *In Re Culp*, 545 B.R. 827 (D. Del. 2016).

The Trustee then filed a motion in July of 2015 seeking the Bankruptcy Court's approval of the plan for the marketing and sale of the property. The Trustee faced significant difficulties in the marketing of the property. Several appraisers declined to put a specific value on the property because of the fire damage. Real estate agents declined to list the property for the same reason. Although the Trustee advertised the property on various platforms, no offers to purchase were received. Lacking any other offers, the Trustee accepted Accord's offer, which if completed would result in a net positive result for the bankruptcy estate. However, in August of 2015, the Appellants filed a motion seeking to convert their Chapter 7 case into one under Chapter 13.[2] This bare-bones motion was devoid of any supporting documentation, such as proof of income. Both the Trustee and Accord opposed this motion, arguing that the Appellants were not eligible debtors under Chapter 13.

The Bankruptcy Court held a hearing, granted the motion to sell and denied the motion to convert. The Appellants appealed to the District Court, which affirmed the Bankruptcy Court's ruling. As to the conversion motion, the District Court concluded that the Appellants could not make payments under a Chapter 13 plan and that the court

---

[2] "The difference between Chapter 13 (also Chapter 11) and Chapter 7 is the difference between reorganization and liquidation. In the latter type of bankruptcy the debtor surrenders his assets (subject to certain exemptions) and in exchange is relieved of his debts (with certain exceptions), thus giving him a "fresh start." But in a reorganization the assets are not sold—the enterprise continues—though ownership is transferred from the debtor to his creditors. Chapter 13 is only analogous to a reorganization; the debtor does not become a slave. But unlike what happens in a Chapter 7 bankruptcy, his assets are not sold; instead he pays his creditors, over a three- or five-year period, as much as he can afford. 11 U.S.C. § 1325(b). Often this makes the creditors better off than they would be in a liquidation, for the assets, though important to the debtor, may have little market value." *Palomar v. First American Bank*, 722 F.3d 992, 995 (11th Cir. 2013).

lacked any factual basis to determine the nature of their income.  These conclusions

informed the District Court's ruling that the Bankruptcy Court did not err by denying the

Appellants' request to convert their petition.  The District Court also affirmed the

Bankruptcy Court's ruling on the Trustee's motion to sell.  The District Court concluded

that since the sale was made to a good faith purchaser in the absence of relief under a

stay, the appeal from the Bankruptcy Court was moot.  The District Court further noted

that the Appellants failed to claim an exemption interest in the property, and that the

Trustee was appropriately fulfilling his statutory duty to liquidate the assets of the

bankruptcy estate.

II.

A.

As they did in the District Court, the Appellants now challenge the propriety of the

Bankruptcy Court's ruling on the sale motion and their conversion request.[3]  We will

begin with the conversion motion.  Here, we focus on Section 706 of the Bankruptcy

Code which provides that a "debtor may convert a case under this chapter to a case under

chapter 11, 12 or 13 of this title at any time, if the case has not been converted under

---

[3] The District Court had jurisdiction to review the Bankruptcy Court's order pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court's order under 28 U.S.C. §§ 158(d) and 1291.  Our review of the District Court's determination is plenary, and we use the same standard of review as the District Court in reviewing the decision of the Bankruptcy Court. *See Kool, Mann, Coffee & Co. v. Coffey*, 300 F.3d 340, 353 (3d Cir.  2002).  That is, an order denying a motion to convert a Chapter 7 petition into one under Chapter 13 is reviewed for an abuse of a bankruptcy court's discretion. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375 (2007).

4

section 1112, 1208 or 1307 of this title."[4] The Code further instructs that "[n]otwithstanding any other provisions of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter."[5] To qualify as a debtor under Chapter 13, the Appellants must be "individual[s] with regular income," and also must meet certain limits on the amounts of indebtedness.[6] Section 109(e), for its part, dictates that "only an individual with regular income" may be a Chapter 13 debtor.[7] "Regular income" is income that is "sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13."[8] This is the Appellants' burden to bear.[9] Therefore, the touchstone for this analysis is not so much the sources of income, but instead the stability and regularity of that income.[10] The Bankruptcy Court determined that the Appellants could not qualify as debtors under Chapter 13, based on the evidence they provided. The Bankruptcy Court also determined that the Appellants filed their conversion motion in bad faith and that their filing was an abuse of the bankruptcy process.

---

[4] 11 U.S.C. § 706(a).

[5] 11 U.S.C. § 706(d).

[6] *See* 11 U.S.C. § 109(e).

[7] *Id.*

[8] *Id.* § 101(30).

[9] *See, e.g., In re Antoine*, 208 B.R. 17, 19 (Bankr. E.D.N.Y. 1997).

[10] *See id. at* 20 (quoting *In re Fischel*, 103 B.R. 44, 48 (Bankr. N.D.N.Y. 1989)).

We agree with the Bankruptcy Court that the Appellants failed to establish regular, steady income which would have made them qualifying debtors under Chapter 13. Given the paucity of supporting evidence, we cannot say the Bankruptcy Court abused its discretion. Aside from their conversion motion (which was devoid of any supplemental information from which the Bankruptcy Court could have formed a conclusion regarding the regularity of income), the Appellants filed amended schedules (Schedule I and J), which were just as vague. Their Amended Schedule I, for example, indicates Mark Culp's employment as a sales associate at a local liquor store. Although he lists a monthly income, he provides no information on the regularity of this work, or the reliability of his stated income. Moreover, the Bankruptcy Court's determination that the Appellants filed their conversion request in bad faith was not clearly erroneous because such a determination is supported by the record.[11] The conversion motion was filed after the Bankruptcy Court approved the bidding procedures for the real property, after the Trustee had marketed the property, and shortly before the hearing on the sale motion.[12] We also note that the amended schedules upon which the Appellants rely were filed one day before the hearing on the conversion motion. The Bankruptcy Court's characterization of the filing as an "eleventh-hour request" did not miss the mark.

---

[11] We have instructed that because a bad faith inquiry is "a fact intensive determination better left to the discretion of the bankruptcy court," such a determination will not be disturbed on appeal unless it is clearly erroneous. *In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007) (quoting *In re Lilley*, 91 F.3d 491, 496 (3d Cir. 1996)).

[12] It was also not an abuse of discretion for the Bankruptcy Court to find that, in filing the conversion motion, the Appellants were abusing the bankruptcy process.

6

B.

We will dismiss the Appellants' appeal of the sale order because it is moot. The District Court also concluded as much and the Appellants offer scant challenge to that mootness determination on appeal. To promote certainty and finality with respect to such sales, as well as to encourage parties to bid for assets in bankruptcy cases, § 363(m) prohibits the reversal of a sale to a good faith purchaser of bankruptcy estate property if a party fails to obtain a stay of the sale.[13] We have interpreted this section of the Code to require satisfaction of two conditions before dismissing an appeal for mootness: first, the sale was not stayed pending appeal, and second, the reversal or modification of the Bankruptcy Court's authorization would affect the validity of the sale.[14]

We agree with the District Court that the Appellants' appeal is moot pursuant to 11 U.S.C. § 363(m). The Appellants did not secure a stay of the sale pending appeal, and the Trustee sold the property. The Appellants now seek to set aside the property sale, which would almost certainly undermine the validity of that prior transaction. The sale, as noted by the Bankruptcy Court, "has been undertaken by Accord in good faith," and that "Accord satisfies the good faith requirement of Section 363(m) of the Bankruptcy Code and, accordingly, Accord is entitled to all of the protections afforded by Section 363(m) . . . ." We see nothing on this record which would render that determination

---

[13] *See* 11 U.S.C. §§ 363(b)(1), (m), *Cinicola v. Scharffenberger*, 248 F.3d 110, 128 (3d Cir. 2001).

[14] *See Cinicola,* 248 F.3d at 128.

erroneous and, therefore, conclude that the Appellants' appeal of the Sale Order is moot

pursuant to 11 U.C.S. § 363(m).[15]

III.

After a thorough review of the record and consideration of all arguments raised by

the parties, we will affirm the decision of the District Court.

---

[15] Apparently for the first time on appeal, the Appellants oppose the grant of the sale motion on the ground that they claimed an exemption in the property in their Chapter 7 petition. They have not, however, cited any part of the record demonstrating where, in relation to the sale motion, this issue was raised, briefed, argued, and ruled on by the Bankruptcy Court. Issues not preserved in the lower courts cannot be reviewed on appeal. We do not consider issues that were not raised below. *DIRECTV Inc. v. Seijas*, 508 F.3d 123, 125 n.1 (3d Cir. 2007) ("It is well established that arguments not raised before the District Court are waived on appeal."); *In re Kaiser Grp. Int'l Inc*., 399 F.3d 558, 565 (3d Cir. 2005) ("[W]hen a party fails to raise an issue in the bankruptcy court, the issue is waived and may not be considered by the district court on appeal."). Furthermore, and as noted by the District Court, exempt property is to be listed on Schedule C. The Appellants' Amended Schedule C lists the value of their exempted property at $0.00, and it remained listed as $0.00 through subsequent amendments.