In re James Lyle **HICKMAN**, aka James Hickman, aka Jim Hickman, SS# 181–38–3128, Debtor.

Bankruptcy No. 89–B–02203–A.

United States Bankruptcy Court, D. Colorado.

Sept. 14, 1989.

---

Philip Bryson, Longmont, Colo., for debtor.

David Miller, Denver, Colo., for Chapter 13 Trustee.

## MEMORANDUM ORDER AND OPINION

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on the Chapter 13 Debtor's Motion to Confirm Chapter 13 Plan. After reviewing this case, the Court set a *sua sponte* hearing to determine whether the Debtor's income is sufficiently regular and stable to allow the Debtor to be qualified as a Debtor under Chapter 13 and to support the feasibility of the Debtor's proposed Plan.

The issue before the Court is whether or not this particular Debtor qualifies under the Bankruptcy Code as "an individual with

1. 11 U.S.C. § 1325(a)(6).

2. The Chapter 13 Standing Trustee presented similar and additional questions, as well as objections to confirming the Plan as proposed, at the hearing before the Court. The Trustee's objections and questions focused on inconsistency in the Budget and scheduled income fig-

regular income" or, alternatively, as "an individual with regular income and such individual's spouse ..." so he may be a Chapter 13 Debtor and he may obtain the enhanced benefits of being a Chapter 13 Debtor. 11 U.S.C. § 109(e). The central question of this issue and one not previously ruled on in this District is: What constitutes "regular income" for a Chapter 13 Debtor? A secondary aspect of the issue before the Court is whether the Chapter 13 Debtor's income, coupled with that of his wife, is sufficiently regular and reliable so as to qualify the Plan as a feasible Plan under the Bankruptcy Code.[1]

## FACTS

Debtor filed his individual Chapter 13 Petition and Plan on February 21, 1989. Although the Debtor is married, his wife did not file as a co-debtor. Prior to confirmation of the Plan, and pursuant to the Court's independent examination of the Debtor's Plan, Motion to Confirm, Budget, and Chapter 13 Statement, the Court scheduled the hearing on confirmation. The Court sought additional information and answers to questions with respect to the Debtor's Schedules, Budget, income, and compliance with 11 U.S.C. § 1325.[2]

The following specific facts as derived from the Debtor's Schedules and Debtor's presentation at the hearing are pertinent to the question before the Court. Debtor's budget reflects his monthly "take-home pay" at $1,050.00 per month and his non-debtor wife's monthly take-home pay at $450.00 per month, for a total of $1,500.00 per month. Of that total monthly income, $1,400.00 was identified as used for regular, necessary, monthly expenses for Debtor's family of two. The balance of $100.00 per month was to be paid by the Debtor into the 36–month Plan for repayment of creditor claims. Significantly, Debtor's his-

ures and the Debtor's failure to "provide(s) that all of [his] projected disposable income ... be applied to make payments under the Plan" in compliance with 11 U.S.C. § 1325(b). Most of the Chapter 13 Trustee's objections were either withdrawn, satisfied by the Debtor, or otherwise resolved prior to the conclusion of the hearing.

torical and future projected income is a composite of seasonal employment income, intermittent unemployment income, and his wife's sporadic income.

When Debtor's Chapter 13 case was filed, he was identified as then "currently seasonally unemployed." When his Plan was submitted to the Court and the confirmation hearing was held, he was employed full-time as an irrigation, or sprinkler-system, installer which was "seasonal" employment. The Debtor was customarily employed from approximately April through October of each year as a sprinkler-system installer. During the months of October through approximately March, the winter season when installation of irrigation or sprinkler systems was not feasible and typically not undertaken, the Debtor was not employed by his "regular" employer. Rather, the Debtor received unemployment compensation and would obtain intermittent employment, or "odd jobs," during this interim October through March period. The Debtor was customarily able to obtain unemployment benefits during the off-season time and had historically obtained various odd jobs between the installation seasons. Debtor thus argues that he qualifies as a Chapter 13 Debtor with "regular income" because he has regular, seasonal income and "regular unemployment income," supplemented by his wife's income.

At the hearing, Debtor's wife was identified as one who found it difficult to maintain regular, reliable employment. Typically, she would hold a job for several months at a time and then either lose employment and/or move on to other employment. It was not characterized as continuous, reliable employment. Neither the Debtor nor his wife demonstrated a pattern of regular, stable or reliable employment or income flow.

## DISCUSSION AND OPINION

■ To qualify as a Chapter 13 debtor, that debtor must comply with 11 U.S.C. §§ 109(e) and 101(29). Section 109(e) provides, in pertinent part, that "only an individual with regular income ... or an individual with regular income and such individual's wife ..." may be a debtor under Chapter 13. Section 101(29) of the Bankruptcy Code provides that:

'[I]ndividual with regular income' means individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13 of this Title.

This Court sees the operative statutory language as being that which requires a debtor's income to be "sufficiently stable and regular to enable ..." the debtor to make payments under a Plan. It is against that standard that this Debtor's earning capacity and ability to pay must be measured in order to determine whether he qualifies as a Debtor under Chapter 13. "The *debtor must demonstrate that he will have* income to make the payments under the plan." (Emphasis added.) *In re Mozer*, 1 B.R. 350 (Bankr.D.Colo.1979).

This Court concludes after evaluating the history and status of this Debtor that he does not qualify as an individual whose income is sufficiently stable and regular to enable him to be a Chapter 13 Debtor or to make payments under a Chapter 13 Plan.

■ Income that is "sufficiently stable and regular ..." as prescribed by Section 101(29) of the Code, must be income, or more accurately an income stream, that is to a substantial degree reliable and certain in amount and sufficient to fund payments for the term of a Plan. It should be reasonably predictable and dependable.

In this case, the Debtor's income flow is expected to be significantly interrupted, if not terminated, in October when his full-time employment ceases due to its seasonal nature. His subsequent expected unemployment benefits and odd jobs (interim employment at best) is neither predictable nor dependable. His income flow is not reliable and it is not reasonably certain as to amount.

His wife's employment, admitted to be irregular and unreliable, is not an element in the Debtor's financial situation which might contribute to Debtor's income as being regular and stable. If anything, her

employment and income history compound the problems.

The Debtor and his wife unfortunately demonstrate a pattern of employment and income which is neither regular, stable, reliable nor dependable. It is insufficient to qualify the Debtor under Chapter 13 of the Bankruptcy Code.

■ This Court is well aware that certain non-traditional income sources can qualify as sufficiently regular and stable to support Chapter 13 debtors. Legislative history and case law amply support the proposition that "individuals on welfare, social security, fixed pension income, or who live on investment incomes" may qualify for Chapter 13. *In re Hammonds*, 729 F.2d 1391, 1393 (11th Cir.1984). Public assistance income may well allow, or contribute to allowing, an individual to qualify for Chapter 13. This would also include, in this Court's opinion, public assistance in the nature of unemployment benefits. Nonetheless, this Debtor still does not have employment and income, coupled with public assistance and supplemented with the income of his wife, sufficiently regular and stable to qualify for Chapter 13.

■ In order to have a plan confirmed under Chapter 13, a debtor must also meet the qualifications of 11 U.S.C. § 1325. Section 1325(a)(6) sets forth the criteria for confirmation of a Plan and requires that "the debtor will be able to make all payments under the plan and to comply with the plan." The Court must deny confirmation to a debtor who has failed to demonstrate that he has *regular* income which would enable him to fund a Plan. *See, In re Mozer, supra* at 352. This Debtor has failed to do so.

For the reasons set forth above,

IT IS ORDERED that the Debtor's Motion to Confirm is DENIED.

IT IS FURTHER ORDERED that Debtor may, within ten (10) days of this date, file a motion to convert, or this Court shall dismiss the within case for Debtor's failure

to qualify as a Chapter 13 Debtor pursuant to 11 U.S.C. § 109(e).