**In re John J. NEALEN, Debtor.**

**No. 09–70307JAD.**

United States Bankruptcy Court, W.D. Pennsylvania.

July 9, 2009.

John J. Nealen, pro se.

## *MEMORANDUM OPINION*

JEFFERY A. DELLER, Bankruptcy Judge.

These matters are core proceedings in which this Court has proper subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(A) and (O) and 28 U.S.C. § 1334(b).

The matters before the Court consist of the following: (1) the Court's *Rule to Show Cause Why Bankruptcy Case Should Not Dismissed,* and (2) the Debtor's *Motion to Vacate the Court's May 22, 2009 Orders*[1] which previously (a) confirmed that no automatic stay exists in this case as a result of the Debtor's multiple bankruptcy filings pursuant to 11 U.S.C § 362(c)(4), (b) denied the Debtor's motion for a stay of a Butler County tax sale, and (c) denied the Debtor's request for a further extension of time to file documents necessary to move this Chapter 13 case forward.

On June 26, 2009, the Court held a lengthy hearing on both the Court's *Rule to Show Cause* and the Debtor's *Motion to Vacate.* Present at the hearing were Mr. Nealen along with representatives of Butler County Tax Claim Bureau and the Butler Area Sewer Authority. The Court has duly considered the record made in these matters, and the arguments presented. For the reasons set forth below, the Court (a) confirms that no automatic stay was imposed in this case, and (b) determines that ample cause exists to dismiss the underlying Chapter 13 case. As a result, an Order will be entered which denies the *Motion to Vacate* and dismisses this bankruptcy case, without prejudice.

## I. *Background*

The instant bankruptcy case is not the first bankruptcy case commenced by Mr. Nealen. Rather, it appears that this Chapter 13 case is the fourth bankruptcy the debtor has filed since November 2, 2007. Each of these bankruptcy cases were ostensibly filed for the purpose of enjoining a tax sale duly scheduled by the Butler County Tax Claim Bureau, and each of the bankruptcy cases have had a similar result—i.e., dismissal for failure to file documents and other papers required under the Bankruptcy Code and/or the Bankruptcy Rules.

---

1. The motion filed by the Debtor is somewhat confusing, and has a lengthy caption stating as follows: "1. Response to Defendant's Motion for Denial of Stay of Butler Judicial Sale Set for July 15, 2009 by Judge Marilyn M. Horan ..., 2. Motion to Set Aside Both Orders of Jeffery A. Deller dated May 22, 2009 Denying Stay of Judicial Sale on July 15, 2009 and Movant's previous Motion for Stay of Judicial Sale. 3. Motion to Hold the Above Named Defendants, City of Butler, Butler Tax Claim Bureau, Butler Area Sewer Authority and Butler Area School District in Contempt of Court." The gravamen of the motion, however, is that the Debtor is requesting that the Court reconsider its May 22, 2009 orders.

The procedural history of each of the bankruptcy cases filed by Mr. Nealen is summarized as follows:

| Case Number | Date Filed | Date of Dismissal | Reason for Dismissal |
|---|---|---|---|
| 07–71235–JAD | November 2, 2007 | March 18, 2008 | Failure to obtain, and file a certificate of completion of, the requisite credit counseling as required by 11 U.S.C. §§ 109(h) and 521(b), and Bankruptcy Rule 1007 |
| 08–70240–JAD | March 11, 2008 | April 22, 2008 | Failure to file the following: Statement of Current Monthly Income and Disposable Income Calculation (Official Form 22C); Chapter 13 Plan; and Certificate of Credit Counseling, as required by 11 U.S.C. §§ 109, 521, 1321 and Bankruptcy Rule 1007 |
| 08–71160–JAD | October 21, 2008 | November 7, 2008 | Failure to file the following: Summary of Schedules of Assets and Liabilities; Statement of Current Monthly Income and Disposable Income Calculation (Official Form 22C); Chapter 13 Plan; a certificate indicating the Debtor's receipt of the informational requirements of 11 U.S.C. § 342(b); copies of all payment advices (or statement that there are none) with respect to payments received by the Debtor within 60 days of the commencement of the case; and Certificate of Credit Counseling, as required by 11 U.S.C. §§ 109, 521, 1321 and Bankruptcy Rule 1007 |
| 09–70307–JAD | March 16, 2009 | n/a | n/a |

The Debtor's prosecution of the instant bankruptcy case is consistent with his prior cases. That is, when he filed his fourth bankruptcy case, he did not timely complete the requisite credit counseling, he did not file a chapter 13 plan, he did not file a list of executory contracts or unexpired leases, he did not file a Statement of Current Monthly Income and Disposable Income Calculation (Official Form 22C), he did not file copies of payment advices received within 60 days of the petition date (or certification that there were none), even though such documents are required by 11 U.S.C. §§ 109, 521, 1321 and Bankruptcy Rule 1007.[2] Given these failures, the Court issued its standard notice of deficiency, advising the Debtor that unless the deficiencies were timely cured that the bankruptcy case would be dismissed. (*See* Doc. # 3).

To augment the Debtor's bankruptcy case, the Debtor then filed on April 20,

---

**2.** The Debtor also did not pay the requisite filing fee for commencement of this case. Instead, the Debtor requested that he pay the filing fees in installments. The Court notes that none of the installment payments have been received by the Clerk.

2009 a motion for stay of the Butler County Tax Sale, along with a request for a 30 day extension of time to file his Chapter 13 Plan (the *"Motion for Stay and Extension of Time to File Plan"*)(*See* Doc. # 11). No request for additional time was filed by the Debtor with respect to the other documents required for filing by the Bankruptcy Code and Bankruptcy Rules.

The Court scheduled a May 22, 2009 hearing on the *Motion for Stay and Extension of Time to File Plan,* and the certificate of service for the Court's notice of the hearing states that such notice was served by the Bankruptcy Noticing Center on Mr. Nealen by way of first class mail on April 24, 2009. (*See* Doc. # 13).

On April 28, 2009, the Butler County Tax Claim Bureau filed its own *Request for Entry of an Order Confirming Absence of Stay,* which was also scheduled for May 22, 2009. (*See* Doc. # s 16, 17). Butler County Tax Claim Bureau also filed on May 19, 2009 a written response objecting to the Debtor's *Motion for Stay and Extension of Time to File Plan.* (*See* Doc. # 19). By the response, Butler County Tax Claim Bureau argued that because the Debtor had commenced his fourth bankruptcy case within 1 year of the dismissal of the prior three bankruptcies, no automatic stay was ever invoked in this case. *See* 11 U.S.C. § 362(c)(4).

The Court held its May 22, 2009 hearing on the Debtor's *Motion for Stay and Extension of Time to File Plan* and the *Request for Entry of an Order Confirming*

*Absence of Stay.* Mr. Nealen did not appear at the hearing, and counsel for Butler County Tax Claim Bureau was in attendance. The Court then both denied the Debtor's *Motion for Stay and Extension of Time to File Plan* and granted Butler County Tax Claim Bureau's *Request for Entry of an Order Confirming Absence of Stay.* At the May 22, 2009 hearing, the Court set forth at length the reason why it was denying Mr. Nealen's motion and granting Butler County Tax Claim Bureau's motion. Those reasons included:

1. The debtor had not stated a satisfactory reason to be excluded by the credit counseling strictures of the Bankruptcy Code, and without a satisfactory reason, Mr. Nealen is ineligible to be a debtor pursuant to 11 U.S.C. § 109;[3]

2. The Court noted the prior cases filed by the Debtor and his failure to file the requisite documentation requested by the Court, the Bankruptcy Code and the Bankruptcy Rules;

3. With respect to the request for extension of time of 30 days to file his Chapter 13 plan, the Court noted that the requested 30 day period had already lapsed with no action on the part of Mr. Nealen; and

4. With respect to the application of the automatic stay, the Court observed that the cases filed by Mr. Nealen fell within the plain language of the serial filing limitations on the automatic stay found at 11 U.S.C. § 362(c)(4).[4]

---

3. The Debtor was well aware of the credit counseling requirements of Section 109(h) of the Bankruptcy Code because all of his prior cases were dismissed for failure to obtain such counseling. Even in instances where a debtor qualifies for a temporary waiver of the credit counseling requirements, the Bankruptcy Code unequivocally states that the certificate of credit counseling must be filed not later than 45 days after the petition date (assuming that the maximum 15 day extension of time is granted by the Court). *See* 11 U.S.C. § 109(h)(3)(B).

4. Section 362(c)(4) of the Bankruptcy Code states "if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previ-

For all of the foregoing reasons, the Court entered its Orders of May 22, 2009, and such Orders were entered on the docket on May 26, 2009. (*See* Doc. # s 21, 23). Thereafter, on May 28, 2009, the Orders were served by the Bankruptcy Noticing Center by way of first-class mail on Mr. Nealen. (*See* Doc. # s 24, 25). Mr. Nealen then filed his *Motion to Vacate* on June 11, 2009. (See Doc. # 26). In the *Motion to Vacate*, Mr. Nealen does not argue that he did not receive notice of the May 22, 2009 hearing. Rather, he argues that the May 22, 2009 Orders should be set aside because there was some sort of delay in his receipt of the Orders from either the U.S. Postal Service and/or the Bankruptcy Noticing Center.[5]

Upon review of the file, it became apparent to the Court that Mr. Nealen still had not moved this case forward in a manner compliant with the Bankruptcy Code and Bankruptcy Rules. As a result, the Court issued its *Rule to Show Cause* and duly scheduled a June 26, 2009 hearing on both the *Motion to Vacate* and the Rule to Show Cause.

Butler County Tax Claim Bureau and the Butler Area Sewer Authority each filed objections to the *Motion to Vacate*, and the Court held its June 26, 2009 hearing on both the *Rule to Show Cause* and the *Motion to Vacate*. (*See* Doc. # s 36, 38).

At the hearing, the Debtor was provided ample opportunity to demonstrate why the automatic stay should be imposed and why this bankruptcy case should not be dismissed. During the course of this hearing,

the Debtor also acknowledged that he lacked sufficient regular income to be a Chapter 13 debtor. The Court then took this matter under advisement, and this Memorandum Opinion is the result of such proceedings.

## II. *The Motion to Vacate*

In the *Motion to Vacate*, the Debtor argues that the Court should reconsider its May 22, 2009 Orders on due process grounds. Specifically, the Debtor argued in his papers that the May 22, 2009 Orders were not timely mailed to him, and that this is sufficient cause for reconsideration of the Orders. However, when pressed further about this theory, the Debtor then argued at the June 26, 2009 hearing that he never received notice of the Court's May 22nd hearing in the first instance; as a result, he failed to appear and argue his case.

The Certificate of Notice filed by the Bankruptcy Noticing Center reflects that the scheduling order for the May 22nd hearing was served on the Clerk's Office mailing matrix for this case which includes Mr. Nealen. (*See* Doc. # 13). Also among those served was the Butler County Tax Claim Bureau. The Tax Claim Bureau filed a response to the Motion to Stay Judicial Sale and attended the hearing which clearly indicates that it received notice of the scheduling order. (*See* Doc. # 19). Neither the Butler County Tax Claim Bureau nor any other creditor has expressed difficulty with receipt of notices during this case.

The scheduling orders for the June 26th hearing on the *Motion to Vacate* and the

---

ous year but were dismissed, ... the stay ... shall not go into effect upon the filing of the later case; ..." 11 U.S.C. § 362(c)(4). This section of the Bankruptcy Code further states that "on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect." *Id.*

**5.** Mr. Nealen's *Motion to Vacate* also contains a number of "conspiracy" type arguments, and such arguments are quite frankly difficult to follow and appear to be irrelevant to the issues that are before this Court.

*Rule to Show Cause* were also served on Mr. Nealen by the Bankruptcy Noticing Center. (See Doc. #s 32, 34.) Mr. Nealen appeared at the hearing and did not indicate lack of notice or difficulty with receipt of those scheduling orders.

■■■ The existence of the certificate of mailing by the Bankruptcy Noticing Center creates a presumption of receipt of the Court's scheduling order. *See e.g. In re Bucknum,* 951 F.2d 204, 207 (9th Cir. 1991); *see also In re Eagle Bus. Mfg., Inc.,* 62 F.3d 730 (5th Cir.1995); *In re O'Bryan,* 246 B.R. 271, 277 (Bankr.W.D.Ky.1999). Numerous courts have held that the mere denial of receipt of a scheduling order is insufficient to overcome the presumption of proper service. *O'Bryan,* 246 B.R. at 277; *see also In re Messics,* 159 B.R. 803, 805–810 (Bankr.N.D.Ohio 1993). In this case, Mr. Nealen failed to overcome the presumption of sufficient service because he failed to produce any evidence indicating either (a) the notice was not deposited into the mail, (b) the postage was inadequate, and/or (c) the address utilized was incorrect. Under these circumstances, the Court cannot conclude that Mr. Nealen did not receive reasonable notice of the May 22nd hearing.

■■■ Even if Mr. Nealen did not receive appropriate notice of the May 22nd hearing, the Court notes Mr. Nealen has failed to demonstrate on a substantive basis that the Court's entry of the May 22 Orders was erroneous.

Again, the Court entered two Orders on May 22, 2009. Those Orders denied Mr. Nealen's request for the imposition of a stay and confirmed the absence of the automatic stay in this case. At the June 26, 2009 hearing on the Debtor's *Motion to Vacate,* no facts were brought to light by Mr. Nealen which would suggest that the Court's Orders in this regard were erroneous. Thus, even if the Court were to undertake a *de novo* review of the motions at issue, it appears that the Court's May 22 Order denying the request for a stay is appropriate.

Specifically, the Bankruptcy Code provides that there is no automatic stay upon the filing of a bankruptcy case when the debtor had 2 or more prior cases that were pending during the previous one year time frame prior to the filing of the third case. *See* 11 U.S.C. § 362(c)(4). In these serial type of cases, the third bankruptcy case is presumed to be filed in bad faith. *See* 11 U.S.C. § 362(c)(4)(D)(i). A debtor may overcome this presumption of bad faith, and seek the imposition of the automatic stay, if the debtor can demonstrate by clear and convincing evidence that (a) since the dismissal of the prior case he or she has undergone a "substantial change" in his or her "financial or personal affairs", and (b) the debtor can propose a confirmable plan that can be fully performed. *Id.*

At the June 26, 2009 hearing on the *Motion to Vacate,* Mr. Nealen was asked about any changes in his financial or personal affairs since the dismissal of his prior case.[6] However, he could not offer any-

---

**6.** The genesis of the Debtor's bankruptcy filings appears to be his longstanding dispute with the Butler County Tax Claim Bureau, and such dispute arose well before Mr. Nealen's first bankruptcy filing. At the hearing on the Court's *Rule to Show Cause* and the *Motion to Vacate,* the Court inquired of the creditor exactly what the amounts were due this creditor; but the creditor could not state the amount of obligations owed to it. The Court found the Butler County Tax Claim Bureau's inability to state the amount of its monetary claim to be troubling. However, the amount and *bona fides* of the Butler County Tax Claim Bureau's claim against Mr. Nealen is a matter for the state court system in light of the fact that this bankruptcy case must be dismissed for the reasons stated herein.

except to note that he continues to have shoulder and back problems. He did acknowledge that there has been a decrease in the physical therapy and medication regimen associated with these afflictions.

Of course, the Court is sympathetic to Mr. Nealen's back and shoulder problems. But, these changes in circumstances do not appear to be substantial. Nor do they appear to be sufficient to rebut the presumption of bad faith because it is apparent that the Debtor has not, and cannot, present a confirmable Chapter 13 repayment plan in this case. The Court reaches this conclusion because the Debtor expressly acknowledged at the June 26th hearing that he has no regular income to fund a viable Chapter 13 plan. Without such income, the Debtor is not in a position to comply with 11 U.S.C. § 1325(a)(6), which states that one of the conditions of confirmation is the finding by the Court that "the debtor will be able to make all payments under the plan and to comply with the plan." Under these circumstances, Mr. Nealen has not met his burden of proof under 11 U.S.C. § 362(c)(4)(D)(i), and the Court's May 22, 2009 Orders correctly note that no automatic stay came into effect as a result of the Debtor's fourth bankruptcy filing.

 A second component of the Court's May 22, 2009 Orders was the denial of the Debtor's motion for extension of time to file his Chapter 13 Plan. Whether to grant the Debtor additional time to file his Chapter 13 Plan is within the sound discretion of this Court. *See* Fed. R. Bankr.P. 3015(b). The record reflects that Mr. Nealen has repeatedly failed to file the requisite documents required by this Court, the Bankruptcy Code and the Bankruptcy Rules. These facts sufficiently

support the denial of the motion for extension of time.

The Court recognizes the fact that Mr. Nealen is proceeding without the assistance of legal counsel, and navigating the bankruptcy process is no easy task. However, Mr. Nealen offers no real excuse as to why he cannot file the documentation required by the Court. It is true that he has suggested that his shoulder and back problems are the cause of his delays. But, such ailments have not impeded his filing of numerous motions and/or appeals in a myriad of courts including this one. In light of all this legal activity, the Court is therefore not persuaded by the excuses offered by the Debtor.

In any event, the undisputed record of this bankruptcy case is that Mr. Nealen has had approximately 4 months to file his Chapter 13 plan, which is more than double the time period he originally requested. To date he has not filed his Chapter 13 plan.[7] In addition, the record in this case is clear that even if he were to file a Chapter 13 plan, it would not be confirmable for the reasons set forth above. Under these circumstances, no further extensions of time are warranted.

For all of these reasons, it appears that the substantive terms of the Court's May 22, 2009 Orders were proper and Mr. Nealen has offered no argument or evidence which would have altered the outcome of those proceedings had such items been presented at the May 22, 2009 hearing. Given this Court's *de novo* review of those proceedings, and the fact that Mr. Nealen has not presented any new matter or evidence that would suggest that the substance of those Orders was improper, it appears that any claim of Mr. Nealen for inadequate service of process amounts to harmless error. *See* Fed. R. Bankr.P.

---

**7.** Nor has he cured the other deficiencies of his bankruptcy filing, which are addressed

more fully in Part III of this Memorandum Opinion.

9005; Fed.R.Civ.P. 61; In re *Bartle,* 560 F.3d 724 (7th Cir.2009)(where order of the court was affirmed when movant seeking to alter or amend judgment failed to present meritorious argument or meritorious evidence as to the underlying substantive basis for relief). As a result, the Court will enter an order which denies the *Motion to Vacate.*

### III. *Rule to Show Cause*

■ With respect to the *Rule to Show Cause,* there are a number of matters which call into question whether this Chapter 13 bankruptcy case should be dismissed. One such instance concerns the Debtor's failure to file documents required by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court. The failure of the Debtor to timely file such documents is set forth extensively in the Court's *Rule to Show Cause* Order and need not be repeated here. (*See* Doc. # 30).[8]

With respect to pleadings and other documents required to be filed, the rules of this Court state:

If the debtor fails to timely file all the pleadings necessary to initiate the case and as required by the Bankruptcy Code and Bankruptcy Rules and these Local Rules and other orders of this Court, then the United States Trustee is deemed to have filed a motion to dismiss the bankruptcy case pursuant to the appropriate provision of the Bankruptcy Code. The bankruptcy case will be dismissed without prejudice without further notice and hearing if the deficiencies specified in the Notice of Deficient Filing issued by the Court when the case is filed are not corrected within the time period set forth in the notice.

*See* Local Rule 1007–2. The Bankruptcy Code also provides that the failure of the debtor to file such documents constitutes cause of dismissal. *See e.g.* 11 U.S.C. § 521(i); *In re Young,* No. 06–80397, 2006 WL 3524482 (Bankr.S.D.Tex. Dec.6, 2006); *In re Scalise,* No. 08–61739, 2008 WL 4845835, *2 (Bankr.N.D.N.Y. October 30, 2008) *citing In re Bonner,* 374 B.R. 62 (Bankr.W.D.N.Y.2007).

In addition to the filing deficiencies enumerated in this Memorandum Opinion, there are also other matters which suggest that this bankruptcy case should be dismissed because Mr. Nealen is ineligible to be a debtor in bankruptcy. Those matters are the Debtor's failure to obtain credit

8. The bankruptcy filing by the Debtor was not complete because he failed to file various schedules and other documents required by 11 U.S.C. § 521; Fed.R. Bankr.P. 1007; and Local Rule 1007–1 through 1007–4. Specifically, the debtor failed to file the following documents:
 1. Schedule G (a list of executory contracts or unexpired leases or a certification that there are none);
 2. Schedule H (a list of co-debtors or certification that there are none);
 3. Official Form B22 (a statement of current monthly income and disposable income calculation);
 4. A Chapter 13 repayment Plan;
 5. A certificate indicating that the individual debtor was given the informational notice required by 11 U.S.C. § 342(B);
 6. Copies of all payment advices or other evidence of payment, if any, received within 60 days before the filing of the petition or a statement that the debtor received no such payments; and
 7. A certificate of credit counseling or a certificate of exigent circumstances meriting a temporary waiver of the same.
Debtor subsequently filed Schedule G. (*See* Doc. # 6). In his *Motion to Vacate,* the Debtor did not dispute that such remaining documents were not timely filed; but he did suggest that he had no payment advices, no executory contracts or unexpired leases, and no co-debtors. Therefore, a liberal construction of the Debtor's filings leads to the conclusion that items 3, 4, 5 and 7 remain outstanding.

counseling and his lack of regular income. *See* 11 U.S.C. §§ 109(e) and 109(h).

Pre-bankruptcy credit counseling is generally a condition of eligibility for bankruptcy relief, *see* 11 U.S.C. § 109(h); *In re Tomco*, 339 B.R. 145 (Bankr.W.D.Pa.2006), and it is undisputed that Mr. Nealen did not obtain such counseling in any of his bankruptcy cases, including this one.

There are limited exceptions to the pre-bankruptcy credit counseling strictures of the Bankruptcy Code. One such exception is found at 11 U.S.C. § 109(h)(4), which states that the pre-bankruptcy credit counseling requirements "shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a combat zone."

■ The Court recognizes that Mr. Nealen has suggested that he is entitled to a waiver of the credit counseling requirements because he has a "social security disability pending." According to Mr. Nealen, this "disability" relates to his torn rotator cuff and back problems; but Mr. Nealen has never filed a motion asking the Court make a "disability" determination and no medical evidence has ever been submitted into the record supporting his "disability" claim.

11 U.S.C. § 109(h)(4) defines "disability" to mean that the "debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing" required under 11 U.S.C. § 109(h)(1). Under the facts of record in this case, Mr. Nealen has not proven that he falls within the Bankruptcy Code's definition of "disability."

The Court reaches this conclusion after observing the Debtor at various hearings before this Court. At all of these hearings, Mr. Nealen was alert and reasonably mobile. It also appears on the state of the record that Mr. Nealen has repeatedly been able to prepare and file legal motions and appeals in various courts. Despite his so-called "disability," Mr. Nealen also has traveled extensively between Cambria County and Butler County to attend numerous hearings, and has conducted legal research over the Internet. Because he has been able to undertake these tasks, the Court concludes that Mr. Nealen is, and has been, physically capable of completing the credit counseling briefings required by the Bankruptcy Code. In fact, at the June 26, 2009 hearing Mr. Nealen admitted that he is able to participate in a credit counseling session. However, Mr. Nealen failed to obtain the briefing despite repeated instructions that he must complete it.

■ Mr. Nealen has suggested another excuse for his failure to obtain pre-bankruptcy credit counseling. He has asserted that while he contacted an approved credit counseling agency,[9] Mr. Nealen was not able to follow through with the briefing because he lacked the $50.00 fee required to complete it.[10] But, the Bankruptcy Code states that approved credit counseling agencies are nonprofit organizations who must be able to provide the services regardless of the Debtor's ability to pay. *See* 11 U.S.C. § 111(c)(2)(B). There is nothing in the record stating that Mr.

---

9. The Court notes that Mr. Nealen has not identified which agency he contacted, how he contacted the agency, or when he made such inquiry.

10. Mr. Nealen's inability to pay the $50.00 credit counseling fee raises further issues regarding his eligibility to be a Chapter 13 debtor. *See In re Palacios*, Case No. 08–11172SSM, 2008 WL 700968 (Bankr.E.D.Va., March 13, 2008).

Nealen ever requested the non-profit credit counseling agency provide service on an *in forma pauperis* and/or reduced fee basis, let alone that such a request was improperly denied. Under these circumstances, the inability to pay defense does not operate as a waiver of the credit counseling requirements of the Bankruptcy Code. *In re Piontek,* 346 B.R. 126 (Bankr. W.D.Pa.2006).

Even if Mr. Nealen had obtained the requisite credit counseling, he is unable meet other requirements of maintaining a Chapter 13 case. In particular, Mr. Nealen has admitted that he does not have regular income that would allow him to maintain Chapter 13 plan payments. Of course, this assumes Mr. Nealen has filed a Chapter 13 repayment plan; but he has not.

In order to be eligible for Chapter 13 relief, 11 U.S.C. § 109(e) provides that only an individual with "regular income" may be a debtor under chapter 13. An individual with "regular income" is defined in the Bankruptcy Code as meaning an individual "whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title ..." 11 U.S.C. § 101(30).

■ The test for regular income is its regularity and stability of income, not the type or source of income. *In re Sigfrid,* 161 B.R. 220, 221 (Bankr.D.Minn. 1993). It is the debtor's burden to show that he or she has sufficient regular income in order to be eligible for Chapter 13 bankruptcy relief in the first instance. *In re Baird,* 228 B.R. 324, 327 (Bankr. M.D.Fla.1999).

At the June 26, 2009 hearing, Mr. Nealen admitted that he does not have regular income, and his only recent source of income was through the sale of some of his cattle for $325.00.[11] But, Schedule B of his partially completed petition lists only ten cows with calves, one bull and one steer, and four yearling calves. It is not known which of these animals was recently sold— but Mr. Nealen advised that the net proceeds were approximately $325.

■ Sporadic income in the nature of undocumented and occasional sales of less than a dozen farm animals does not constitute sufficiently stable and regular income for purposes of Chapter 13. *See e.g., In re Kollar,* 357 B.R. 657 (Bankr.M.D.Fla.2006)(undocumented sporadic receipt of rental income and fees as independent contractor did not constitute regular income); *In re Hickman,* 104 B.R. 374 (Bankr.D.Colo.1989)(seasonal employment combined with anticipated unemployment benefits and odd jobs not sufficiently reliable income).

■ The only other source of income that Mr. Nealen has identified is potential proceeds of litigation and proceeds from the sale of his Butler County property. Litigation, however, is speculative in nature and can hardly be described as a source of "regular income." *See In re Jones,* 174 B.R. 8 (Bankr.D.N.H.1994).

With respect to his Butler County property, Mr. Nealen has stated that it is in dire need of repairs for which Mr. Nealen does not have the funds to commence or complete. He is purportedly on a waiting list for some type of government funded assistance for property rehabilitation but provides no documentation or indication of

---

11. Mr. Nealen has stated in his pleadings that his income "from all sources" was $1,540 in April of 2009, $534 in May 2009, and $330 in June of 2009. (*See* Doc. # 37). The Court is not aware of the Debtor making any payments to the Chapter 13 Trustee in this case (or in any prior Chapter 13 case).

amounts he may be eligible to receive or when such sums, if any, will be received. Even if the property was not subject to Butler County tax sale, and the requisite repairs could be made in some reasonably timely fashion, there is still the uncertainty and speculation of whether the residence would sell. Thus, any income premised upon such a hypothetical sale is mere speculation and does not rise to the level of "regular income" for purposes of Chapter 13 plan funding.

Given the Debtor's ineligibility for relief, the Court has no choice but to enter an Order which dismisses this Chapter 13 case. In doing so, the Court is nonetheless sympathetic to the Debtor's financial condition. However, the Court is not in a position to automatically convert this Chapter 13 case to a Chapter 7 case because the Debtor has not complied with the mandatory credit counseling required by the Bankruptcy Code. As a result, the dismissal of this bankruptcy case will be without prejudice to the Debtor's ability to commence a Chapter 7 case after he obtains the mandatory pre-bankruptcy credit counseling briefing.[12]

### IV. *Conclusion*

This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. For the reasons set forth above, the Court concludes that the entry of its May 22, 2009 Orders were proper, and therefore shall enter an Order which denies the Debtor's *Motion to Vacate.* The Court also concludes that ample cause exists to dismiss the Debtor's bankruptcy case. Such cause includes (1) the Debtor's failure to file documents required by the Bankruptcy Code, Bankruptcy Rules and Local Rules of Court, and (2) the Debtor's ineligibility to be Chapter 13 debtor as a result of (a) his failure to obtain credit counseling, and (b) lack of regular income.

An appropriate Order shall be entered.

### ORDER OF COURT

**AND NOW,** this 9th day of July, 2009, for the reasons expressed in the Memorandum Opinion issued this date, the Court hereby **ORDERS, ADJUDGES** and **DECREES** that the Debtor's *Motion to Vacate* this Court's Order of May 22, 2009 is **DENIED.**

**IT IS FURTHER ORDERED** that the Chapter 13 bankruptcy case is **DISMISSED** without prejudice to file a Chapter 7 case. The Debtor remains legally liable for all of his debts as if the bankruptcy petition had not been filed. Creditor collection remedies are reinstated pursuant to 11 U.S.C. § 349, and creditors are directed to title 11 U.S.C. § 108(c) for time limits on filing a lawsuit to collect; generally, a creditor's lawsuit must be filed by the later of (1) the time deadline prescribed by state law, or (2) thirty days after date of this notice.

**IT IS FURTHER ORDERED** that the court retains jurisdiction over the Trustee's Final Report And Account and the Trustee's Certification Of Distributed Funds, if any. Following submission of a final accounting and certification of distributed funds, the Trustee shall be deemed discharged from her duties in this case and the case shall be deemed closed without further order of court.

---

**12.** Of course, any future filing would also require the payment of the filing fee and the timely completion of all filings required by the Bankruptcy Code, Bankruptcy Rules and Local Rules of Court.