BLD-004           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1795
_____

IN RE: JOHN J. NEALEN,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 09-cv-00072)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 7, 2010

Before:  SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed : October 14, 2010)
_____

OPINION
_____

PER CURIAM

John Nealen, proceeding in forma pauperis, appeals from the order of the United

States District Court for the Western District of Pennsylvania dismissing his appeal for

lack of prosecution.

1

I.

On October 21, 2008, Nealen filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court.[1] On November 7, 2008, the Bankruptcy Court dismissed the petition without prejudice because Nealen's filing had been deficient and he had failed to provide the documents necessary to complete the filing within the period specified by the Clerk's Office. Nealen subsequently filed a one-page letter motion titled "Motion to Reinstate Case Per Rule 60 F.R.A.P. Motion for 60 Days Additional Time To File Form 6. Request For Clerk To Provide Said Form 6 To Petitioner./ Americans With Disabilities Act Notice of Appeal To The Third Circuit Court of Appeals." The motion requested additional time to file based on the fact that Nealen had requested legal assistance from pro bono counsel with no response. He also asserted that he suffered from disabilities due to two accidents and high blood pressure. The Bankruptcy Court denied the relief requested and ordered that the motion be treated as a Notice of Appeal to the District Court.

Nealen did not file any additional briefing in support of his appeal in the District Court. The District Court dismissed the appeal for failure to prosecute and failure to

---

[1] This was not Nealen's first bankruptcy petition. Between November 2007 and March 2009, Nealen filed four separate bankruptcy petitions, each of which was dismissed for failure to file documents or comply with procedural rules. See In re Nealen, 407 B.R. 194, 197 (Bankr. W.D. Pa. 2009) (summarizing the procedural history of each of Nealen's bankruptcy cases).

follow procedural requirements.  The instant appeal followed.[2]

## II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291.  We review a dismissal for failure to prosecute for abuse of discretion.  Jewelcor Inc. v. Asia Commercial Co., 11 F.3d 394, 397 (3d Cir. 1993).

## III.

Under Rule 8001(a) of the Federal Rules of Bankruptcy Procedure, the District Court is empowered to dismiss an appeal for failure to prosecute or otherwise follow the procedures set out in the Bankruptcy Rules.  Fed. R. Bankr. P. 8001(a).  In reviewing a dismissal for failure to prosecute, we must determine if the District Court properly balanced the following six factors, and whether the record supports its findings: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).  Although not all of these factors need be met for a district court to find dismissal is warranted, we have always

---

[2] After filing this appeal, Nealen filed motions for reconsideration and Clarification in the District Court.  We stayed the appeal pending the District Court's ruling on those motions.  The District Court denied the motions on August 5, 2010.  Nealen did not appeal.

"required consideration and balancing of all six of the factors, and have recommended the resolution of any doubts in favor of adjudication on the merits." United States v. $8,221,877.16 in United States Currency, 330 F.3d 141, 162 (3d Cir. 2003). Failure to consider all of the factors prior to dismissing an action for failure to prosecute constitutes an abuse of discretion. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73-74 (3d Cir. 1987).

In its order dismissing the appeal, the District Court addressed and weighed each of the six Poulis factors. The District Court found that even though Nealen was pro se, he was not incompetent and was personally responsible for fulfilling procedural requirements. The District Court also found that the Appellee would be prejudiced if the appeal went forward on the merits because Nealen had failed to advance any cognizable factual or legal argument on appeal, making it difficult for Appellee to formulate a response. Nealen's dilatoriness in failing to file a statement of issues on appeal or designate the contents of the record on appeal was also discussed. The District Court found that Nealen did not appear to be acting in bad faith, but he had a history of failing to complete court filings and follow procedural rules as demonstrated in the District Court and the Bankruptcy Court. The District Court evaluated whether an alternative sanction such as a monetary penalty would be appropriate, and concluded that such a sanction would be unduly harsh given that Nealen was proceeding in forma pauperis. Finally, the District Court found that the appeal did not appear to have merit because the underlying dismissal stemmed from Nealen's failure to file necessary documents, and

4

Nealen had provided no briefing or argument to contest the dismissal, other than the one-page letter motion that the Bankruptcy Court construed as a notice of appeal.

The District Court considered all six <u>Poulis</u> factors and its findings are supported by the record.  It cannot be said that the District Court abused its discretion in concluding that dismissal was warranted.  Accordingly, we will affirm the order of the District Court.